No. 2,467.

JAMES A. DUFFY, RESPONDENT, v. JOHN E. HOBSON, APPELLANT.

STATUTORY CONSTRUCTION.—ACT OF CONGRESS REQUIRING STAMPS ON WRITTEN INSTRUMENTS.—The Act of Congress to provide Internal Revenue, passed June 30th, 1864, which provides that certain instruments, unless stamped in the manner therein required, shall not be "recorded, or admitted, or used as evidence, in any Court," etc., embraces only proceedings had, and acts done in public offices and Courts established under the Constitution of the United States, and by authority of Acts of Congress framed in pursuance thereof.

Constitutional Construction.—Rules of Evidence in State Courts.—Congress has no constitutional authority to legislate concerning the rules of evidence administered in the Courts of the State, nor to affix conditions or limitations upon which those rules are to be applied and enforced.

Internal Revenue Stamp on Written Instruments.—Omission of.—The omission of a United States revenue stamp cannot, under any circumstances, be set up as a defence in a State Court, to an action upon a contract. The case of *Hallock v. Jaudin*, (34 Cal. 172) overruled on this point.

Power of Agent.—Contract of Sale.—Execution of, under Verbal Authority to Sell.—A verbal authority to an agent to sell real estate, is not sufficient to authorize the agent to execute a contract of sale in the name of his principal, or to sign the name of the latter to such contract.

Idem.—Verbal Authority to Execute.—A power to sign the name of a principal to a contract of sale, may be given verbally; but the words used for that purpose must be so distinct and clear in their meaning and import, as to manifest with the requisite degree of certainty, the intention of the principal.

Appeal from the District Court of the Sixth District, Sacramento County.

Action to enforce performance of a written contract of sale of certain lots in the city of Sacramento, executed by the agent of the defendant, in the name of his principal under a verbal authority to sell, and for damages for failure to perform the contract. Judgment was for plaintiff. Defendant moved for a new trial, which was denied; and from the judgment and the order denying defendant's motion for a new trial, this appeal is taken.

The other facts are stated in the opinion.

*Haymond & Stratton* and *L. J. Ashford*, for Appellant.

The Court erred in admitting in evidence the contract made by Atkins in Hobson's name, with Duffy, for the sale of the lots in question.

1st. It was not stamped according to law. (13 U. S. Statutes at Large, Sec. 170, p. 298.)

2d. There was no testimony tending to prove Atkins' authority to make the contract given in evidence. (*Coleman* v. *Garsequez*, 18 Barb. 60; *Vanhorn* v. *Frick*, 6 Serg. and R. 90; *Clark* v. *Graham*, 6 Wheat. 577.)

*Coffroth & Spaulding,* for Respondent.

The provisions of the United States statute in relation to stamps, do not apply to the Courts of the several States.

The language of the enactment is only that no instruments or documents not duly stamped, "shall be admitted or used as evidence in any Court until the requisite stamp shall be affixed." This provision can have full operation and effect, if construed as intended to apply to those Courts only which have been established under the Constitution of the United States and by Acts of Congress, over which the Federal Legislature can legitimately exercise control, and to which they can properly prescribe rules regulating the course of justice and the mode of administering justice. *(Carpenter et al.* v. *Snelling,* 77 Mass. 457–8, and note at bottom of page.)

The doctrine is now firmly established in Massachusetts that no stamp is required for the introduction of any paper or document in any of the Courts of that State; and we respectfully suggest that if such is the law it should be at once promulgated in this State.

In other States, Courts have held that an objection to a contract or other instrument that it is not stamped as required by the Revenue Laws is unavailing, unless the party objecting proves that the stamp was omitted with the intent to evade the Act of Congress. *(Garland* v. *Lane,* 46 N. H. 245; *Fifield* v. *Close,* 15 Mich. 505; *Trull* v. *Morton,* 12 Allen, 369; *Hitchcock* v. *Sawyer,* 39 Vt. 412; *Bebee* v. *Hutton,* 47 Barb. 187; *New Haven and Northampton Co.* v. *Quintard,* 5 Abbott Pr. N. S. 128.)

Upon the question of damages for breach of contracts of this character, we refer the Court to: *Hopkins* v. *Lee,* (6 Wheaton, 109, 118;) *Hill* v. *Hobart,* (16 Maine, 164;) *Warren* v. *Wheeler,* (21 Maine, 484;) *Baldwin* v. *Munn,* (2 Wend. 400); *Ahrens* v. *Adler,* (33 Cal. 608.)

WALLACE, J., delivered the opinion of the Court, CROCKETT, J., TEMPLE, J., and SPRAGUE, J., concurring:

On the trial in the District Court, the plaintiff offered in evidence a written contract, by the terms of which he claimed that the defendant had sold and agreed to convey to him certain lots in the city of Sacramento. This contract was not stamped with United States revenue stamps, denoting the payment of tax to the Federal Government; and upon that ground the defendant objected to its introduction as evidence, and has renewed the objection here. We think the objection not well taken. The Act of Congress cited in its support provides that such a contract as the one now under consideration, unless stamped in the manner therein required, shall not be "recorded or admitted or used as evidence in any Court," etc. The Act, however, does not in terms extend to proceedings had under the laws of the State, and does not, on its face, import any interference with those laws.

Upon the settled rules of interpretation, it must be construed to embrace only proceedings had, and acts done, in public offices and Courts established under the Constitution of the United States, and by authority of Acts of Congress framed in pursuance thereof.

But, if the Act of Congress under consideration had in terms embraced the State Courts within its provisions, and had enacted that upon a trial had in one of those Courts, a contract or other instrument of evidence, otherwise admissible, should not be admitted in evidence except upon compliance with its provisions, it would be our duty to declare its provisions in that respect null and void.

Congress has no constitutional authority to legislate concerning the rules of evidence administered in the Courts of this State, nor to affix conditions or limitations upon which those rules are to be applied and enforced; nor can it rightfully convert those Courts into tax gatherers for the benefit of the Federal Government, nor charge them with the duty of inquiring whether or not the revenue laws of the United States have been observed, or of investigating into the motives of parties in omitting to affix revenue stamps to the contracts they may have made. The case of *Hallock*

v. *Jaudin* (34 Cal. 172), so far as it intimates that the omission of a revenue stamp may, under certain circumstances, be set up as a defence in a State Court to an action upon a contract, is overruled.

The contract of sale in question was executed by Atkins, as agent of Hobson, and in the name of the latter; and it is objected that Atkins had no authority sufficient for that purpose. It appears by the testimony of Atkins that Hobson had told him to sell the lots for 2,000. He accordingly sold the premises to Duffy at that price, and executed and delivered, in the name of Hobson, the contract, in writing, agreeing to convey the lots to him. The contract was made at Sacramento, where Atkins, the agent, resided; and upon its delivery Atkins sent a telegraphic dispatch to Hobson, at his home in Marysville, informing him of what he had done. Hobson immediately disavowed the transaction, and answered that he had not instructed Atkins to sell the property, and declined to recognize the sale. At a subsequent time he made sale of the lots himself to another person for $2,200; whereupon Duffy brought this action against him for the recovery of damages for his refusal to convey the title to him.

We are of opinion that the authority given to Atkins to sell the property was not sufficient to authorize him to execute a contract of sale to Duffy, in the name of Hobson, or to sign the name of the latter to any contract of sale. We think that it was no more than a mere authority from Hobson to find him a purchaser at the price of $2,000.

This is the settled construction put upon the employment of professional brokers "to sell" or "to close a bargain" concerning real estate, and we know of no reason why the same language employed to express the authority of any other agent "to sell" should have a more extended meaning. Besides, a sale of real estate involves the adjustment of many matters in addition to fixing the price at which the property is to be sold. The deed of conveyance may be one with full covenants of seizin and warranty, or only those covenants imported by the use of the words "grant,

bargain and sell" under our statute, or it may be by quit-claim merely. The vendor may be unwilling to deal with a particular proposed purchaser on any terms. He may consider him pecuniarily unable to comply with the contract, even if the title prove satisfactory, and he may decline to bind himself to convey to such a purchaser at the end of the time necessary to examine the title, because he might thereby in the meantime lose an opportunity to sell to some other person who might desire to purchase, and in whose good faith and ability to pay he reposed entire confidence. All these and many other like considerations might, and usually do, arise in the mind of the vendor.

Now a mere authority "to sell" can hardly confer power upon the agent to determine all these matters for his principal, so as to bind him by his determination. And yet, unless the agent do have such power, he cannot make a definitive contract, or one that could be said to have the certainty requisite to deprive the principal of his option to ultimately decline to make the sale. To give to the mere words "*to sell*" such a broad signification as that, would be to invest the agent with powers of that ample and discretionary character usually only conferred with caution and by means of a general letter of attorney, where the terms are distinctly expressed. While it is true that a power to sign the name of a principal to a contract of sale may be given verbally, we think that the words used for the purpose should be distinct and clear in their meaning and import, and should, with the requisite degree of certainty, manifest the intention of the principal to do something more than merely to employ a broker.

The judgment is reversed, and the cause remanded for a new trial.

RHODES, C. J., expressed no opinion.