[No. 2,962.]

# N. H. THOMASSON *v*. A. WOOD and W. B. LONG.

United States Internal Revenue Stamps—Duffy *v*. Hobson, 40 Cal. 240, Affirmed—On the point that the omission of a United States internal revenue stamp cannot be set up as a defense in a State Court to an action on contract.

Reliance upon Authority afterwards Overruled — Opportunity to make other Points.—Where a single defense was interposed to an action, and such defense was supported by a decision of the Supreme Court, which, however, was afterwards reversed; *held*, that judgment should not be rendered on the record, but the cause remanded for further proceedings.

Appeal from the District Court of the Second Judicial District, Lassen County.

This was an action on a promissory note, dated September 12th, 1864, for six hundred and thirty-one dollars and ninety-one cents. There was a United States revenue stamp to the value of fifteen cents on it, duly canceled. The defendants set up the want of a sufficient stamp as a defense; and there was a judgment in their favor. The plaintiff appealed.

*Hundley & Martin*, for Appellant.

The omission of a United States revenue stamp can in no case be set up as a defense in the Courts of this State to an action upon a contract. This was fully determined in the case of *Duffy* v. *Hobson*, 40 Cal. 240. The Court there says:

" Congress has no constitutional authority to legislate concerning the rules of evidence administered in the Courts of this State, nor to affix conditions or limitations upon which those rules are to be applied and enforced, nor can it rightfully convert those Courts into tax gatherers for the benefit of the Federal Government, nor charge them with the duty of inquiring whether or not the revenue laws of the United States have been observed, or of investigating into the motives of parties in omitting to affix revenue stamps to con-

tracts they have made.   The case of *Halleck* v. *Jandin*, 34 Cal. 172, in so far as it intimates that the omission of a revenue stamp may, under certain circumstances, be set up as a defense in a State Court to an action upon a contract, is overruled."

. *John S. Ward* and *Burt & Sexton*, for Respondents.

This case was decided upon the authority of *Halleck* v. *Jandin*.   While the case of *Duffy* v. *Hobson* reverses the former adjudication, it is impossible to tell how far the fraud of the payee of a note will vitiate it or prevent it being used in evidence in an action for its collection.   Unless the rule announced in *Duffy* v. *Hobson* is so absolute that even the fraud of a payee cannot be shown for the purpose of defeating an action on the note, the judgment here should be sustained; because there is no finding or showing as to who was guilty of fraud against the Government, and the presumptions are all in favor of the correct action of the Court below.

But to whatever extent *Halleck* v. *Jandin* is overruled, it would be wrong for this Court to render a judgment which would prevent the defendants from having an opportunity for a new trial.   The want of a sufficient stamp was, under that decision, an absolute and certain defense, and it was unnecessary to set up any other.   But it is impossible to know what separate or different defenses the defendants may set up upon a new trial.

By the Court, CROCKETT, J.:

The judgment in this case is reversed on the authority of *Duffy* v. *Hobson*, 40 Cal. 240.   But when the answer was filed and the cause tried, the defendants may have been induced by the intimation of this Court in *Halleck* v. *Jandin*, 34 Cal. 172, to rest their defense solely on the ground that

the note was not sufficiently or properly stamped with internal revenue stamps. Upon the intimations in that case they may well have concluded that this was a sufficient defense, and have therefore omitted to make other defenses which they might have set up.

Judgment reversed and cause remanded.