Mr. Justice Cox
delivered the opinion of the court.
John F. McGee gave a general authority to W. S. Jackson, an attorney, to sell his property, being part of lot 4 in square 99, in Washington, D. C. On Friday evening, February 17th, G. W. Stickney informed McGee that he had sold his property for him and arranged for a meeting between McGee and the proposed purchaser the next morning. On Saturday morning, between the hours of nine and ten o’clock, McGee met with James P. Ryon, complainant, and the result was a sale by McGee to Ryon, a memorandum of which, in writing, was sent by McGee about the middle of the same day. Meanwhile, Jackson had undertaken to sell the same property, between the same hours of nine and ten o’clock, to Charles S. Drury, and executed the following paper :
“ Received of Thos. E. Waggaman, for Chas. S. Drury, the sum of fifty dollars, being deposit on part of lot 4 in square 99, sold free of all encumbrance to date for $2,000 cash, being the corner part of lot 4, front 42 feet on 21st by 89 on M street; title to be perfect or deposit refunded; 10 days allowed to close sale.
“W.'S. Jackson.
“ February 18th, 1882.”
Neither McGee nor Jackson knew what the other had done until late that evening, when Jackson informed McGee of his proceedings. It is claimed on behalf of Drury that McGee then ratified the act of Jackson. Ryon claims, on *21 the contrary, that his verbal agreement with McGee was prior in time to Jackson’s arrangement with Drury. If the latter be true, then even supposing that Jackson’s contract would be operative under other circumstances, McGee’s verbal arrangement followed up by a written memorandum on the same day, would entitle Eyon to the preference. It is, however, very difficult to determine by the testimony which transaction was prior in point of time, but it is made unnecessary to determine it by other considerations.
We think that a general authority to an agent to sell real estate is simply an authority to find a purchaser, and is not an authority to conclude and execute a contract of sale which shall bind the principal. We adopt the views on this subject of the Supreme Court of California in the case of Duffy vs. Hobson, 40 Cal., 240. It appeared there that the-owner of the real estate, Hobson, had told Atkins, his agent,, to sell his lots for $2,000. The agent, Atkins, sold the premises to Duffy at that price, and executed and delivered in the name of Hobson a contract in writing agreeing to-convey the lots to him. The principal repudiated the agent’s act, and the purchaser, Duffy, brought an action for damages for his refusal to convey the title. The court say:
“We are of opinion that the authority given to Atkins to sell the property was not sufficient to authorize him to execute a contract of sale, in the name of Hobson, or to sign the name of the latter to any contract of sale. We think that it was no more than a mere authority from Hobson to find him a purchaser at the price of $2,000.
“ This is the settled construction put upon the employment of professional brokers ‘to sell’ or to ‘close a bargain ’ concerning real estate, and we know of no reason why the same language employed to express the authority of any other agent ‘to sell’ should have a more extended meaning. Besides, a sale of real estate involves the adjustment of many matters in addition to fixing the price at which the property is to be sold. The deed of conveyance may be one with full covenants of seisen and warranty, or only those covenants imported by the use of the words ‘ grant, bargain and sell,’ *22 under onr statute, or it may be by quit-claim merely. The vendor may be unwilling to deal with a particular proposed purchaser on any terms. lie may consider him pecuniarily unable to comply with the contract, even if the title proves satisfactory, and he may decline to bind himself to convey to such purchaser at the end of the time necessary to examine the title, because he might thereby in the meantime lose an opportunity to sell to some other person who might desire to purchase, and in whose good faith and ability to pay he reposed entire confidence. All these and many other like considerations might, and usually do, arise in the mind of the vendor.
“ Now, a mere authority 1 to sell ’ can hardly confer power upon the agent to determine all these matters for the principle, so as to bind him by his determination, and yet, unless the agent do have such power, he cannot make a definite contract or one that could be said to have the certainty requisite to deprive the principal of his option to ultimately decline to make the sale. To give to the mere words to sell ’ such a broad signification as that would be to invest the agent with powers of that ample and discretionaiy character usually only conferred with caution and by means of a general letter of attorney, where the terms are distinctly expressed.
“ "While it is true that a power to sign the name of a principal to a contract of sale may be given verbally, we think that the words used for the purpose should be distinct and clear in their meaning and import, and should, with the requisite degree of certainty, manifest the intention of the principal to do something more than merely to employ a broker.”
In addition to this, we have decided a similar question befoi’e in an action brought by a real estate agent to recover his commission, where he had found a purchaser, but the principal had there declined to execute the contract. We held that the agent had performed his contract and was entitled to his compensation by finding a suitable purchaser. If this is the extent of his obligation it is also the limit of his powers.
*23 The consequence is, that Jackson’s act in executing the ■contract, whether in his own name or in the name of McGee, would be simply a nullity. Any ratification afterwards, and after McGee had executed his written agreement, would avail nothing, because it could not interfere with the intervening rights created by McGee’s written contract. ¥e, therefore, are of opinion that the decree below must be reversed, and thé cause remanded for further proceedings.