[No. 12540. In Bank. — June 19, 1888.]

# W. M. ARMSTRONG, APPELLANT, *v.* D. LOWE, RESPONDENT.

AUTHORITY OF REAL ESTATE BROKERS EMPLOYED "TO SELL" LAND. — Where real estate brokers are employed "to sell" land, they have not, from this alone, authority to execute a contract to convey.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order refusing a new trial.

In January, 1887, the defendant employed the firm of Cook & Henderson, real estate brokers, to sell certain land belonging to him, and executed and delivered to them the following written memorandum:—

"SAN LUIS OBISPO, January 6, 1887.

"W. A. HENDERSON, C. C. COOK, COOK & HENDERSON, Real Estate Agents.

"You are hereby authorized to sell my property, and and receive deposit on same, situated . . . . in San Luis Obispo, state of California, and described as follows, . . . . for the sum of two hundred dollars per acre, cash. I hereby agree to pay you the sum of five per cent for your services in case you effect a sale, or find a purchaser for the same, or will pay you two and a half per cent of above commission should I sell the same myself, or through another agent. This authority to remain in full force for the term of three months, or until canceled by

(Signed)                              "D. LOWE."

Subsequently Cook & Henderson entered into a written contract with the plaintiff to sell him the property, which consisted of ten acres, in consideration of two thousand dollars, to be paid upon the delivery of a satisfactory deed by the defendant. Upon the refusal of the defendant to execute the deed, the plaintiff brought the present action to recover damages for the breach of the contract to sell.

Judgment was rendered in favor of the defendant, from which, and from an order refusing a new trial, the plaintiff appealed. The further facts are stated in the opinion.

*J. M. Wilcoxon*, for Appellant.

The written authorization to Cook & Henderson shows that it was the intention of the parties that they should be more than mere brokers to find a purchaser. The authority given them included the power to enter into a valid contract of sale. (*Rutenberg* v. *Main*, 47 Cal. 219; Code Civ. Proc., sec. 2175; *United States* v. *Babbitt*, 1 Black, 55; *Biggerstaff* v. *Briggs*, 3 West Coast Rep. 354; *Hopwood* v. *Corbin*, 63 Iowa, 218; *McNeil* v. *Shirley*, 33 Cal. 202.)

*Venable & Goodchild*, and *W. H. Spencer*, for Respondent.

The authority given to the brokers "to sell" means "to find a purchaser"; it did not authorize them to enter into a contract of sale. (*Duffy* v. *Hobson*, 40 Cal. 243; 6 Am. Rep. 617; *Rutenberg* v. *Main*, 47 Cal. 219; *Fisk* v. *Henarie*, 13 Or. 156; *Barnard* v. *Mounot*, 34 Barb. 90; *Coleman* v. *Garrigan*, 18 Barb. 67; *Glenworth* v. *Luther*, 21 Barb. 145; *Holly* v. *Gosling*, 3 E. D. Smith, 262; *Chilton* v. *Butler*, 1 E. D. Smith, 150; *Beebe* v. *Roberts*, 3 E. D. Smith, 194.)

HAYNE, C.—The sole question in this case is, whether the real estate brokers whom the defendant employed "to sell" certain real property had authority to execute a contract to convey. We think that upon the authority of *Duffy* v. *Hobson*, 40 Cal. 244, 245, 6 Am. Rep. 617, it must be held that they had not, and that the case of *Rutenberg* v. *Main*, 47 Cal. 219, is not in point.

We therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., concurred.

BELCHER, C. C., took no part in this opinion.

The COURT.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.