BENNETT et al. v. MORRIS et al.

No. 18,323; September 29, 1894.

37 Pac. 929.

Pleading—Demurrer.—The Question Whether a Pleading is Ambiguous and uncertain cannot be raised by a general demurrer.

Evidence—Absence of Revenue Stamp.—The fact that the record of a deed executed in 1872 does not show that any United States revenue stamps were placed thereon does not render such record incompetent evidence.

Waters.—In an Action for Damages for the Diversion of water, where a witness has testified only as to the condition of ditches and flumes, and the work required to clear them, and not as to the amount of the damage, the action of the trial court in striking out an answer of the witness, "Yes, sir, I have," given in response to a question by defendant's counsel as to whether the witness has stated all the damages, is within its discretion.

Waters.—In an Action for the Diversion of Water from a Mine, a witness who testifies that he knows the claims and ditches involved;

that he has been over the ditches and at the mines of both plaintiff and defendant; that he has resided in the vicinity twelve or thirteen years, and is a miner by occupation, having been engaged mostly in hydraulic mining—is qualified to give his opinion as to whether it is practicable for plaintiff to run his mine if defendant continues to run his in the same way as before.

APPEAL from Superior Court, Siskiyou County; J. S. Beard, Judge.

Action by W. P. Bennett and others against George Morris and others to restrain the diversion of water, and for damages caused by such diversion. Judgment was rendered for plaintiffs, and defendants appeal. Affirmed.

Jas. F. Farraher and R. S. Taylor for appellants; Gillis & Tapscott for respondents.

BELCHER, C.—This is an action to restrain the diversion of water, and for damages. By the judgment the plaintiffs were awarded an injunction and damages in the sum of $250. The defendants appeal from the judgment and an order denying their motion for a new trial. In support of the appeal it is claimed that several errors of law were committed which call for a reversal. These alleged errors will be noticed in their order.

1. The demurrer to the first cause of action set up in the complaint was general, and it was not error to overrule it. The words objected to, as showing that no cause of action was stated, must be read in connection with the balance of the count; and, when so read, the most that can be said is that they make the pleading ambiguous and uncertain. But that is an objection that cannot be raised by a general demurrer.

2. The plaintiffs offered and were permitted to read in evidence the record of the deed from Timothy Haley to Andrew Bahr, dated October 18, 1872, and also the conveyance indorsed thereon from Bahr to George McNeal, dated February 14, 1873. The Haley deed appears to have been signed by the grantor's mark, and witnessed as required by section 14 of the Civil Code, and it was proved that diligent search had been made for the original papers, and that they could not be found; that the copies found in the record were substantially

correct; and that under the said deeds the grantee, McNeal, entered into possession of the property, and held such possession until he transferred it to other parties in June, 1878. For the purposes for which the plaintiffs sought to use these deeds, it was therefore immaterial whether they were properly recorded or not. And it was also immaterial that it did not appear that any United States revenue stamp was placed thereon: Duffy v. Hobson, 40 Cal. 240, 6 Am. Rep. 617; Thomasson v. Wood, 42 Cal. 416.

3. The point is made in appellants' brief that the court erred in admitting in evidence the deed from George McNeal to E. L. Shumway and brother, but no argument is made in support of this position. The point is clearly untenable. McNeal testified to buying the property from Bahr, and that he remained in possession of it and used the ditch and water every mining season up to 1878, when he deeded the property to the Shumways; and Edwin L. Shumway testified that he and his brother got the property from McNeal, and remained in possession of it jointly for twelve years, when they conveyed it to the plaintiffs. The deed was therefore clearly admissible, in connection with the other proofs offered, to show that the plaintiffs and their predecessors in interest had been in possession of the property in question, and claimed to own it, for more than twenty years before the action was commenced.

4. The plaintiffs' witness Knackstedt was asked on cross-examination by counsel for defendants if he had stated all the damages that had been done to plaintiffs' claim, and answered, "Yes, sir, I have." The answer was stricken out on motion, and in this we see no prejudicial error. The witness did not attempt, in his direct or cross-examination, to estimate the amount of damage done. He testified as to the condition of the ditches and flumes at different times, and the work required to clean them out; and, as to all the facts stated by him, counsel were in no way restricted in their cross-examination. The court evidently considered the question and answer objected to as improper, under the circumstances, and its action was clearly within the limits of its discretion.

5. During the direct examination of plaintiffs' witness McLaughlin, he was asked whether it was practicable for the plaintiffs to run their mine if the defendants continued to run theirs in the manner they had been running it during the

last mining season. The question was objected to on the ground that the witness had not shown himself competent or qualified to answer it. The objection was properly overruled. The witness had testified that he knew the parties to the action, and the claims and ditches involved; that he was over the ditches in 1892, and had been at the mines of both plaintiffs and defendants; that he had resided in the vicinity for twelve or thirteen years, and was a miner by occupation, having been engaged mostly in hydraulic mining. This was a sufficient showing that the witness was qualified to give the opinion asked for.

6. The plaintiffs' witness Edward L. Shumway was asked on his direct examination what it would cost to clean out their lower ditch; that is, clean out the debris that is there now. The question was objected to upon the ground that plaintiffs had not shown that this debris was run into the ditch by any act of defendants, or that they were responsible therefor. The objection was overruled, and, as we think, properly. It was clearly shown that the debris which filled up the "lower ditch" came down from defendants' mine, and there was no pretense that it came from any other source.

7. The only other questions discussed by counsel relate to the sufficiency of the evidence to justify the findings, and the form of the judgment. It would subserve no useful purpose to state the evidence. It covers about sixty pages of the transcript, and is in some respects conflicting. A careful reading of it, however, shows that it is amply sufficient to justify each of the findings complained of.

The judgment does not require any modification. It properly restrains the defendants from using any of the waters of the stream, except at such times and in such manner as they can do so without materially deteriorating the quality of the water for mining purposes on plaintiffs' claim, or diminishing the quantity of water flowing into plaintiffs' ditches to less than one thousand inches, measured under a four-inch pressure; and, so long as defendants comply with those conditions, plaintiffs will have nothing to complain of. The judgment and order appealed from should be affirmed.

We concur: Temple, C.; Searls, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.