[Civ. No. 2013. Second Appellate District.—November 8, 1916.]

## W. B. THOMPSON, Respondent, v. BESSIE L. SCHOLL, Appellant.

AGENCY — AUTHORITY TO SELL REAL PROPERTY — EXECUTION OF CONTRACT OF SALE UNAUTHORIZED.—A writing authorizing a real estate broker to sell real property at the price and on the terms mentioned in the instrument, and to receive and receipt for any deposit made on the purchase price thereof, does not authorize the broker to enter into a contract for the sale of the property on behalf of the owner, but only extends to the finding of a purchaser.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Eugene P. McDaniel, Judge presiding.

The facts are stated in the opinion of the court.

Kendrick & Ardis, for Appellant.

Haas & Dunnigan, for Respondent.

CONREY, P. J.—In this action plaintiff seeks to obtain a decree enforcing specific performance of an alleged contract for the sale of real property. The defendant Bessie L. Scholl appeals from the judgment and from an order denying her motion for a new trial.

The complaint alleged ownership by the defendant of the land described therein; that on August 26, 1912, she appointed one I. C. Butler as her agent to sell said property, the authorization being in writing as follows:

"Los Angeles, Calif., Aug. 26th, 1912.

"I hereby authorize I. C. Butler to sell for me, at the price and on the terms below mentioned, the following described property, and to receive and receipt for any deposit made on the purchase price thereof. This authority to continue 30 days and until notice of revocation. The commission to be above purchase price.

"This is an exclusive agency.

"Purchase price to be $10,000 cash or $6000 cash and $4500 secured by a mortgage on below described property, payable on or before three years from date at 7%. [Here

follows description of property.]'' Signed by Mrs. Bessie L. Scholl.

It is further alleged that within thirty days thereafter, and prior to any revocation of the authority, Butler did, as agent of the defendant and on her behalf, sell to the plaintiff the described property for the sum of ten thousand dollars, to be paid in cash. Other allegations follow showing what was done by and between Butler and Scholl, and other usual and necessary allegations of a complaint for specific performance. The defendant demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action and upon other grounds, and the demurrer was overruled. After answer, the case was tried, with resulting findings and judgment in favor of the plaintiff.

The complaint did not state a cause of action. The authority given by defendant to Butler did not authorize him to enter into a contract of sale on behalf of the defendant. The authorization extended no further than that the agent might find a purchaser to whom a sale might be made by the defendant at the price named. It was no more comprehensive or effective as empowering the agent to enter into a contract of sale than was found in the agent's appointment in *Armstrong* v. *Lowe,* 76 Cal. 616, [18 Pac. 758], where it was held that the agent was not authorized to execute a contract to convey. Other cases to like effect and enforcing the same rule are: *Duffy* v. *Hobson,* 40 Cal. 244, [6 Am. Rep. 617]; *Stemler* v. *Bass,* 153 Cal. 791, [96 Pac. 809]; *Salter* v. *Ives,* 171 Cal. 790, [155 Pac. 84]; *Church* v. *Collins,* 18 Cal. App. 745, 748, [124 Pac. 552]. The authority given in the present case differed in essential particulars from the agency appointments discussed in *Rutenberg* v. *Main,* 47 Cal. 219, and *Bacon* v. *Davis,* 9 Cal. App. 83, [98 Pac. 71].

In view of the conclusions above stated, it is unnecessary to discuss other propositions relied upon by the appellant, which include, among other things, the contention that the agent did not enter into any sufficient written agreement with the plaintiff on behalf of the defendant, even if the agent had been authorized to make a contract of sale.

The judgment and order are reversed.

James, J., and Shaw, J., concurred.