[Civ. No. 2936. First Appellate District, Division One.—October 24, 1919.]

J. L. SLATER, Appellant, v. J. J. RAUER et al., Respondents.

[1] AGENCY—AUTHORIZATION TO SELL REAL ESTATE—POWER TO BIND PRINCIPAL.—An instrument in writing headed "Authority to sell" and providing that a firm of real estate agents is "exclusively authorized to sell and receipt for a deposit on sale" of certain real property is not sufficient to empower the said firm to execute a contract for the sale of the property which would be binding upon the principal.

APPEAL from a judgment of the Superior Court of Alameda County. J. O. Moncur, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Watt, Miller, Thornton & Watt and Miller, Thornton, Miller & Watt for Appellant.

Harrison S. Robinson, Harry L. Price and R. W. MacDonald for Respondents.

RICHARDS, J.—This is an appeal by the plaintiff from a judgment in the defendants' favor after an order sustaining their demurrer to the plaintiff's amended complaint, the latter having declined to amend.

The action is one for the specific performance of a contract for the sale of real estate purporting to have been made with the plaintiff by a firm of real estate agents on

behalf of the defendant Rauer, claiming to act as such agents and having the right to make said contract of sale under an alleged authorization so to do executed by Rauer. The complaint sets forth the contract of sale and the alleged authorization *in haec verba,* and the only question for decision presented to the court upon appeal is as to whether said authorization was sufficient in its terms to empower the said agents to execute the contract of sale in question and to bind the defendants thereby to execute a conveyance to the plaintiff of the premises in question, the defendant Doyle having been given a conveyance of the property by Rauer after the execution and recordation of the aforesaid contract of sale.

[1] The authorization upon which the plaintiff relies is headed "Authority to sell" and is addressed to Pollard & Son, the firm of real estate agents who attempted to make the contract of sale by virtue of its terms. It states: "You are hereby exclusively authorized to sell and receipt for a deposit on sale of the following described property." Here follows the description. The authorization then proceeds to fix the price at which the property shall be sold at twenty thousand dollars, "or such lower figure as I may agree to accept," and then provides that the undersigned, J. J. Rauer, is "to furnish a good and sufficient conveyance free from all encumbrances."

The appellant contends that this authorization was sufficient to empower the said firm of Pollard & Son to execute the contract of sale of the premises described herein to him for the purchase price of twenty thousand dollars, and that he is entitled to have such contract of sale specifically performed by said Rauer and his subsequent transferee.

We cannot give our assent to this contention. The courts of this state have uniformly held ever since the early case of *Duffy* v. *Hobson,* 40 Cal. 240, [6 Am. Rep. 617], that the use of the words "authorized to sell" in a real estate agent's agreement does not authorize the agent holding the same to enter into a written contract of sale with a customer for the property described therein which would be binding upon the principal. (*Duffy* v. *Hobson, supra; Armstrong* v. *Lowe,* 76 Cal. 616, [18 Pac. 758]; *Stemler* v. *Bass,* 153 Cal. 791, [96 Pac. 809]; *Church* v. *Collins,* 18 Cal. App. 745, [124 Pac. 552]; *Salter* v. *Ives,* 171 Cal. 780,

[155 Pac. 84]; *Thompson* v. *Scholl*, 32 Cal. App. 4, [161 Pac. 1006].) It is, however, contended by the appellant herein that while the words "authorized to sell" might not of themselves convey power to the agents to execute a binding contract of sale, that these words may be aided by other phrases in the authorization so as to give this grant of power; and in this connection the appellant insists that the phrase in the document in question which entitled the real estate agents "to receipt for a deposit on sale" would work such extension of power. But certain of the cases deal with this precise question, holding that the inclusion of this clause in the authorization will not suffice to so extend its terms. In the cases of *Armstrong* v. *Lowe, supra, Church* v. *Collins, supra,* and *Thompson* v. *Scholl, supra,* this precise clause was incorporated in the several authorizations there under review, and in each of said cases it was held that the authority to execute a contract of sale binding upon the owner had not been conferred. In the case of *Church* v. *Collins, supra,* the court used the following language in regard to an agent's authorization fully as strong in its terms as the one under review in the instant case: "We are of the opinion that the agreement between the defendant and the real estate brokers conferred no authority upon the latter to execute a contract for the sale of the property involved here to the plaintiff or to any other party, and that therefore the court properly sustained the demurrer to the complaint. The rule deduced from the authorities with regard to the power or right of agents to execute contracts of sale of real property for the owners thereof is and ought to be that, if such authority is intended to be conferred, the language used in conferring it should be so clear, distinct, and certain in its meaning to that end as to leave no room for doubting that such is its purpose."

The appellant directs our attention to the case of *Bacon* v. *Davis*, 9 Cal. App. 83, [98 Pac. 71], as enunciating a rule applicable to the case at bar. In that case the agents were authorized by the owner "to sell for me in my name" the property in question; and the court held these words sufficient to authorize the execution of a contract of sale. In the case of *Church* v. *Collins,* however, the ruling in the case of *Bacon* v. *Davis* was expressly called to the atten-

tion of the appellate tribunal, and that court therein distinguished that case from the case there at bar in the following words: "A comparison of the agreement in the case at bar with the one in the Bacon case will readily disclose a radical distinction between the two. Here there is no such authority given the brokers as is necessarily implied from the language in the Bacon agreement, 'to sell for me, in my name'—language that can import nothing short ·of an intention in the vendor to bestow upon his agent the right and the power to execute in his (the vendor's) name a contract to convey."

The same distinction was pointed out in the cases of *Stemler* v. *Bass, supra,* and *Thompson* v. *Scholl, supra.* In view of what seems to be a settled line of authority as set forth in the foregoing cases we are constrained to hold that the agents' authorization upon which the appellant relies in the instant case was not sufficiently ample in its grant of power to justify the agents holding the same in their attempt to execute a contract of sale with the plaintiff and appellant herein which would be binding upon their principal or his transferee. It follows that the judgment of the trial court must be affirmed. It is so ordered.

Kerrigan, J., and Beasly, P. J., *pro tem.,* concurred.