[Civ. No. 15892. Second Dist., Div. Three. Dec. 9, 1947.]

JAMES CLIFFORD MASON et al., Appellants, v. A. J. MAZEL, Respondent.

A. P. Coviello for Appellants.

Irwin R. Buchalter and Ernest M. Silver for Respondent.

WOOD, J.—In this action for specific performance, plaintiffs appeal from a judgment for defendant. The judgment followed a ruling of the court sustaining, without leave to amend, an objection by defendant to the introduction of evidence upon the ground that the second amended complaint, upon which the case was called for trial, did not state a cause of action.

The second amended complaint (referred to herein as the complaint) alleged in substance that plaintiff Tatum was a licensed real estate broker; that defendant was the owner of certain real property located in Los Angeles County; that on April 26, 1946, defendant employed and appointed plaintiff

Tatum as his exclusive agent for the purpose of selling said property for $6,000 cash to any person said Tatum could find; that on said day, the defendant and Tatum executed a written agreement confirming said employment and appointment; that a copy of said agreement had been attached to the first amended complaint as exhibit ''A'' and the same was incorporated in the second amended complaint as though it were therein set forth verbatim; that at the time of the execution of said agreement and as part of the consideration therefor the defendant agreed to convey said property by a good and sufficient deed to any person with whom said Tatum could negotiate a sale thereof on the terms provided in said agreement; that on May 5, 1946, said Tatum did negotiate a sale and did sell said property to plaintiff Mason; that said sale was negotiated and made pursuant to the authority and powers granted to Tatum by said agreement between Tatum and defendant; that on said day and thereafter said Mason has been ready, able and willing to pay said price for the property and any other moneys required to be paid by him pursuant to said agreement, and has been ready, able and willing to perform all the covenants and conditions on his part to be performed as required by said agreement; that on said day said Mason paid to Tatum the sum of $500 as a deposit on account of said agreement; that Tatum then, by virtue of authority vested in him under said agreement and as agent of defendant and within the scope of his agency, executed a receipt and written agreement in favor of Mason by which Tatum, as agent of defendant, agreed to sell and convey said property to Mason, and Mason agreed to buy said property upon the terms and conditions of said agreement of April 26, 1946; that on May 11, 1946, an escrow was opened with the Bank of America for the purpose of paying said price of said property and any other money required to be paid under said agreement of April 26, 1946, and in order to comply with the terms of said agreement and also the receipt and agreement of May 5, 1946, between Tatum, as agent of defendant, and Mason, as purchaser of the property; that on May 7, 1946, and at all times thereafter the defendant refused to accept the money due him as the price of the land, and has failed and refused to execute a good and sufficient deed to Mason conveying said property, and has refused to perform any other covenants upon his part to be performed in connection with the agreement of April 26, 1946, notwithstanding that on May 5, 1946, and on many

occasions thereafter plaintiffs demanded of defendant that he accept said money and execute said deed and comply with the terms of said agreement; that all the terms and conditions of said agreement were and are equitable and reasonable to all concerned; that it is necessary that the court make its judgment requiring defendant to specifically perform all covenants and conditions of said agreement of April 26, 1946, upon his part to be performed.

The said agreement of April 26, 1946 (a part of the complaint), was as follows:

"Los Angeles, Cal April 26 1946

"Mr. J. W. Tatum:

"In consideration of your listing, advertising and showing the herein described property I hereby employ you, J. W. Tatum, as my exclusive agent and broker for the period of 90 days for the purpose of negotiating a sale of my property known as N.E. Cor. 3 & Highland being Lot 64 Block _____ Tract 8326 and in case of such sale being made during the life of this agreement, I agree to convey said property by a good and sufficient deed to the purchaser, and furnish a policy of Title Insurance of the Title Insurance and Trust Co. showing Title in my name, free and clear of all encumbrances, except restrictions, reservations and rights of way now of record. This is an exclusive listing and if during the term of this agreement you negotiate a sale of said property or bring me in contact with a purchaser with whom I or someone else for my account consummates a sale I agree to pay you as a commission and full compensation for services rendered 5 per cent of the selling price. Commission to be paid out of the first money received as purchase price.

"My price is $6,000.00; terms to be cash. Current Taxes, Insurance, Rents, and Interest to be prorated to close of escrow. Size of lot 61 x 175; Improvements none. Taxes are $105.00 per year. Encumbrance clear _____ Interest _____ Held by _____ Due date _____.

"I also give you the exclusive right to sell said property on the above terms; and I agree to pay you said commission in the event of a sale by you or me or anyone else during the terms hereof.

A. J. Mazel,
Witness: J. W. Tatum                              Owner.
[address omitted]"

Appellants state that the question on appeal is "whether the contract above referred to falls within the category of the ordinary real estate listing agreement, so as not to empower the agent to bind the seller in a sale of the property described and referred to in the said contract." They contend that said agreement "empowered respondent's agent Tatum, not merely to find a purchaser, but to actually enter into an agreement of sale for the said property on behalf of his principal Mazel," and to do all things necessary to bind the purchaser.

In support of their contention they refer particularly to the sentence in the agreement as follows: "This is an exclusive listing and if during the term of this agreement you negotiate a sale of said property or bring me in contact with a purchaser with whom I or someone else for my account consummates a sale I agree to pay you as a commission and full compensation for services rendered 5 per cent of the selling price." They argue that said sentence dispels the contention of respondent that the agreement limited the power of the agent to merely finding a purchaser. The provision that the agent is given power to "negotiate a sale" does not mean that he is authorized to bind the owner in a contract for the sale of the property. "Negotiate" means "To . . . treat with a view to coming to terms upon some matter, as a purchase or sale, a treaty, etc.; to conduct communications or conferences as a basis of agreement; as, to negotiate for the purchase of a house." (Webster's New International Dictionary, 1942.) The provision that the owner would pay a commission to the agent if the agent should bring the owner in contact with a purchaser with whom the owner or someone else for his account "consummates a sale" indicates that it was contemplated the agent should find a prospective buyer and that the owner or someone thereafter to be designated by him should consummate or complete the sale. If it had been intended to authorize the agent Tatum to consummate a sale on behalf of or for the account of the owner, it would seem that the owner would have so designated that agent at that place in the document, rather than to refer specifically to himself or generally to "someone else" in connection with consummating a sale. It appears that by use of the word "negotiate" in referring to the agent Tatum, and by the use of the word "consummates" in referring to the owner or to "someone else" who might act for the owner, it was intended to make a

distinction between the agent's power to negotiate a sale and the owner's power to consummate it.

At the beginning of the agreement, it is stated that in consideration of Tatum's "listing, advertising and showing" the property the owner employed him "for the purpose of negotiating a sale" of the property. The agreement states expressly, in the next sentence, that it is a "listing" of the property. "The ordinary authority of a real estate agent deputed to sell real estate is simply to find a purchaser, and he has no power to bind his principal by a contract of sale unless it appears that it was intended to confer such additional authority." (*Stemler* v. *Bass,* 153 Cal. 791, 794, 795 [96 P. 809].) █ An intention to give such an agent additional authority, such as to bind the owner to convey the property, must be clearly and definitely stated. (*Bacon* v. *Davis,* 9 Cal.App. 83, 88 [98 P. 71].) In the case of *Church* v. *Collins,* 18 Cal.App. 745 [124 P. 552], it was stated at page 748: "The rule deduced from the authorities with regard to the power . . . of agents to execute contracts of sale of real property for the owners thereof is . . . if such authority is intended to be conferred, the language used in conferring it should be so clear, distinct and certain in its meaning to that end as to leave no room for doubting that such is its purpose."

█ The phrase "to sell" as used in the expression in the last paragraph of the agreement, "I also give you the exclusive right to sell said property," is not sufficient to authorize the agent to enter into a contract of sale binding the owner. (See *Slater* v. *Rauer,* 43 Cal.App. 748, 749 [185 P. 864].)

Appellant quotes at length from the case of *Bacon* v. *Davis, supra,* wherein it was held that the agent had authority under the agreement therein to bind the owner. That case is distinguishable from the present case in that the agreement therein authorized the agent "to sell for me (owner), in my name," and the agreement also provided that the owner would convey "to any purchaser," and it included full details as to the terms of the sale.

In the case of *Holway* v. *Malloy,* 70 Cal.App.2d 317 [160 P.2d 893], wherein plaintiff sought specific performance, the listings of the property with the agent were similar to the one herein. The court said therein at page 319: "They were merely authorizations to the broker to find a purchaser or purchasers for the property. Authority given to a broker 'to sell' real property, in listing it for sale, only authorizes

him to find a purchaser; it relates to the services to be performed by the agent in order to earn the agreed compensation and does not make him the agent of the owner to enter into a contract of sale.''

The listing agreement herein of April 26, 1946, did not empower the agent to enter into an agreement of sale on behalf of the owner.

The agent is a party plaintiff herein, but the question as to whether he is entitled to a commission is not involved in this appeal. That point has not been presented here or in the trial court. The complaint does not show whether or not the agent has been paid a commission.

The judgment is affirmed.

Shinn, Acting P. J., and Vallée, J. pro tem., concurred.

A petition for a rehearing was denied January 9, 1948.