[Civ. No. 16655.   Second Dist., Div. Three.   June 8, 1949.]

JOHN ANGUS et al., Appellants, v. HOWARD M. LONDON, Respondent.

[Civ. No. 16656.   Second Dist., Div. Three.   June 8, 1949.]

CALIFORNIA BANK (a Corporation), Plaintiff, v. JOHN ANGUS et al., Appellants; HOWARD M. LONDON, Respondent.

Ibanez & Snyder and Alvin G. Greenwald for Appellants.

N. Stanley Leland for Respondent.

SHINN, P. J.—John Angus and others, herein referred to as plaintiffs, brought an action against Howard M. London for the recovery of $4,500 damages for the alleged breach of a contract to buy two vacant residential lots. The amended complaint alleged an agreement in the form of escrow instructions to a bank. Defendant answered; denied that he had entered into a written agreement of purchase; denied that the copy of the escrow instructions pleaded had been executed by him and alleged that plaintiffs had fraudulently misrepresented the location of one of the lots. An escrow was opened with a bank, $2,500 was deposited by defendant on account of the purchase of the lots for $13,500, and the bank, after the deal fell through, brought an action in interpleader and deposited in court $2,314.50, the amount remaining in its hands after the deduction of certain charges and expenses. The respective defendants answered and laid claim to the money. In the interpleader action London also filed

a cross-complaint for rescission upon the ground of fraud. The two actions were consolidated and were tried on the same evidence. The trial resulted in a judgment of nonsuit in plaintiffs' action. No further evidence was received and the issues in the interpleader action were decided in London's favor, findings and conclusions were filed and London was awarded the money on deposit with the court. Plaintiffs appeal.

The basis of the court's determination that no agreement of sale was entered into was that the sellers' escrow instructions and those of the buyer differed in material respects. The instructions of both parties were prepared in duplicate by the bank. They were printed on both sides of a single sheet of paper. The buyer's instructions, as prepared by the bank, were complete as to price, terms and conditions. The sellers signed both copies of their instructions and the bank gave one copy to Henry London, a realty broker, who was defendant's father and was acting as broker in the transaction. The sellers' instructions called for payment to Henry London at close of escrow of a commission of $675 from funds due plaintiffs. Henry took the instructions to Howard and the latter made an insertion in handwriting reading as follows: ''The seller to furnish a policy of title insurance at their cost.'' The instructions read, in part, ''A set of Plans and Blueprints for a building for this property as previously submitted by the Seller and approved by the Buyer is to be given to the Buyer (consideration for same included in the above sale price) fully paid for. . . .'' Howard altered this writing in ink so that it called for plans and blueprints for two buildings instead of one and signed the instructions. Henry returned the altered instructions to the bank where he was told they would not be accepted and acted upon without the approval of the sellers. Henry then inked out the writing which Howard had inserted, including the word ''two'' before the word ''buildings.'' The escrow officer advised plaintiff John Angus as to what had taken place with respect to the buyer's copy of the instructions. However, he did not advise Howard London that the changes made by the latter had been deleted by Henry. Howard later delivered his check for $11,000 to Henry and it was deposited in the escrow. The instructions were interpreted by the escrow officer as calling for the delivery of the plans and blueprints through the escrow, and he deemed it his duty to see that they were properly delivered. He prepared an additional instruction

for Howard to sign acknowledging that he had received the plans and blueprints called for by his instructions. However, before this instruction was requested of Howard, he had stopped payment on his check for $11,000, and had made the claim to plaintiffs that he had been shown a wrong lot. He refused to go through with the purchase.

There was no evidence whatever that Henry London had been authorized by his son Howard to delete the alterations which the latter had written into the instructions, nor was there any evidence that Howard knew they had been deleted when he sent in his check for $11,000. The fact that Henry had crossed out the alterations inserted by Howard was made known to plaintiffs, but they did not communicate with Howard concerning it. Henry was not shown to have been Howard's agent.

An agent's authority to bind his principal by a contract which is required to be in writing must be in writing. (Civ. Code, § 2309.)

Written authority is required to alter an executed contract involving real property. (*California Savings etc. Bank* v. *Wheeler*, 216 Cal. 742 [16 P.2d 737].)

The relationship of father and child, standing alone, does not prove the agency of either. (46 C.J. 1329; 2 C.J.S. 1048.)

Agency to negotiate a sale or purchase of real property does not authorize the agent to bind his principal by contract. (*Mason* v. *Mazel*, 82 Cal.App.2d 769 [187 P.2d 98].)

The only evidence of the agency of Henry is found in the provision of the escrow instructions that plaintiffs were to pay him a commission upon consummation of the sale. Upon this evidence, and in the absence of any other, the court could only conclude that Henry was the agent of plaintiffs, and not of his son Howard, and that plaintiffs should bear the consequences of Henry's tampering with the instructions.

It is clear, then, that if Howard's instructions imposed terms differing in material respects from those contained in the seller's instructions, Howard's signature upon the copy which contained such new conditions was not an unqualified acceptance of plaintiffs' offer to sell, but was a new offer. (Civ. Code, § 1585.)

The contention of defendant that there was no meeting of the minds because plaintiffs failed to accept the condition written in by defendant that a policy of title insurance was to be furnished at the expense of plaintiffs ignores the

clear terms of the printed instructions. They called for a policy of title insurance showing title in defendant, with certain exceptions agreed to by the parties. Plaintiffs' instructions directed the bank to have the title company begin search of title at once and bound plaintiffs to pay for assurance of title. The handwritten alteration added nothing to the instructions and its deletion by Henry did not alter the meaning of the writing.

Plaintiff Angus was questioned as follows: ''By Mr. Greenwald 'Did you deliver a set of plans for a proposed building? A. I did.' '' There was no other evidence on the subject nor any evidence that any plans and blueprints were delivered to defendant or into escrow. No contention was made that plans and blueprints for two buildings were furnished or offered to defendant or that they had even been prepared. Defendant presumably intended to construct two buildings and expected to receive separate plans and blueprints for them. Plaintiffs were offering only plans and blueprints for one building and they failed to accept defendant's counteroffer. If they were mistaken as to Henry's authority to alter Howard's instructions it was due to their failure to make inquiry when they were informed of the alterations.

The negotiations did not culminate in a contract. Plaintiffs' proof was insufficient to justify a recovery based upon breach of a contract to purchase the property. ■ Upon the findings, which settled the issues in the interpleader action, it was proper to enter judgment in favor of defendant for the sum on deposit with the court.

The judgments are affirmed.

Wood, J., and Vallée, J., concurred.