[No. 2,640.]

GEORGE TREAT, SAMUEL L. THELLER, AND JAMES L. BLAKIE v. EULOGIO F. DE CELIS, ADMINISTRATOR OF THE ESTATE OF EULOGIO DE CELIS, ET AL.

POWER OF ATTORNEY FOR SALE OF LAND.—A power of attorney, giving to the attorney in fact full authority to represent the person of the principal in all that concerns his interest in the State of California, and to annul any other power previously granted, and letters afterwards written by the principal to the attorney, speaking generally of the propriety of the sale of land in California belonging to the principal, and of the price and terms, and telling the attorney he can give a provisional writing of sale,

and to make a sale and it will be approved, do not confer authority upon the attorney to bind the principal by a contract of sale.

JURISDICTION OF PROBATE COURT.—The question whether the Probate Court has jurisdiction to specifically enforce the performance of a contract for the sale of real estate, not decided.

APPEAL from the Probate Court, Los Angeles County.

Eulogio de Celis, who resided in Bilbao, in the Kingdom of Spain, owned an undivided one half of a tract of land in Los Angeles County, known as the ex-Mission of San Fernando. On the 4th day of November, 1864, he executed and sent to his son, Eulogio F. de Celis, who was living in said county, a power of attorney, written in alternate lines of Spanish and English, of which the following is a copy:

*Sepan todos como yo Eulogio de Celis, residente en este villa*
Know all men that I, Eulogio de Celis, of this Town
*de Bilbao, Espana, otorgo poder general a mi hijo Eulogio*
of Bilbao, Spain, grant general power to my son, Eulogio
*Fidencio de Celis, natural de Los Angeles, California, para que*
Fidencio de Celis, native of Los Angeles, California, to
*represente mi persona en todo lo concerniente a mis intereses,*
represent my person in all that concerning my interest,
*presentes y futuros, en el referido pais de California, como tam-*
present and future, in the said State of California; as well
*bien los de todos sus hermanos legitimos, coherederos, participes,*
as those of all his legitimate brothers, coheirs, copartners,
*estando ademas autorizado para anular cualquiera otra poder*
he being also authorized to annul any other power
*dado por me a favor de cualquiera otra persona en California y*
granted by me to any other person in California and
*terretorio de America; dado el presente sobre todos los anteriores*
territory of America; the present being given upon all
*hasta esta f'ha; reclamando cuentas, propriedades, intereses,*
previous powers to this date, claiming accounts, properties,
*ecigiendo responsabilidades, pagos a los deudores y administra-*

interests, requesting responsibilities, payments from debtors,
*dores y opoderados que se hallen en decubierto y hubiesen*
and administrators and attorneys who are debtors, and have
*abusado de sus poderas, exigiendoles libros, documentos, titulos*
abused their power, demanding books, documents, titles
*de propriedades, cuentas y todo cuanto sea de mi propriedad*
of properties, accounts, and all that belongs to me, either
*bien sea judicial ó extrajudicialmente. En fe de lo qual firmo*
judicially or extrajudicially. In testimony of which I sign
*el presente con me firmo y sello, en la villa de Bilbao, Espana,*
the present with my signature and seal, in the Town of
*hoy dia cuatro de Noviembre, de mil ochocientos sesenta y*
Bilbao, Spain, to-day, the fourth (day) of November, one
*cuatro.*
thousand eight.hundred and sixty-four.

　　　　　　　　　[*Sello*]　　　　*E. de CELIS.*

　　　CONSULATE OF THE UNITED STATES OF AMERICA. ⎱
　　　　　　　　　　　　　　　BILBAO, SPAIN. ⎰

On this fifth day of November, A. D. 1864, before me, the
undersigned, United States Consul for Bilbao, Spain, per-
sonally appeared Eulogio de Celis, known to me to be the
person described in and who executed the foregoing power
of attorney, and acknowledged the same to be his act and
deed, and declared that he had executed the same freely
and voluntarily, to the uses and for the purposes therein
mentioned.

Given under my hand, and I have hereunto
affixed the seal of this Consulate, this fifth day
of November, 1864.

　　　　　　　　　　　DANIEL EVANS,
　　　　　　　　United States Consul at Bilbao.

Said Eulogia de Celis also wrote to his said son letters, of
which the following are translations from the Spanish:

BILBAO, January 15th, 1868.

SR. DON E. F. DE CELIS:

DEAR SON: I have before me your two letters of the 15th of September and 27th of November of last year, received together, and as always the useless California postage stamp; paid for here as if they had not been stamped. Be governed by this and write on light paper commercially, because the English postage is very dear, and we ought not to spend what we can economize. In respect to the sale of San Fernando, it will be, or up to this time it has been, useless to think of selling our part, because no propositions have been formally presented, and all have been either low or worthless. If the total area reaches (as you say they have put it for taxes) one hundred and sixty-one thousand one hundred and sixty-three acres of land, however little it may sell at per acre, it amounts to a great deal. You say that I must tell you how much our undivided half is worth, and I think that, reserving for yourself five hundred or one thousand acres in the part you may choose, you may obtain for our part thirty thousand dollars, fifteen thousand dollars or twenty thousand dollars cash, and the rest in one or two years with a small interest, which will hasten the completion of the payment, or with a loss of the part paid at the beginning, in case the total payments are not made. Under these conditions your relations of Santa Clara sold, and it has turned out well for them. The other chief condition is to sell our right in the land and not to answer for further reclamations of any kind. As to the writing of sale you can give a provisional obligation, until the writing comes, to be sent back signed by me and your mother. You being at the fountain head of this property on one side, and our partner, Don Andres Pico, consenting to the cession to you of five hundred or one thousand acres, there is nothing more to do than take them where you choose, dispose of them, make a

small map, and draw the title. I think that one thousand or two thousand acres will be better than five hundred, because you have many brothers, and Miguel and Pastor, like you, Yankees by birth. This reserve of one thousand or two thousand acres may be taken into consideration with respect to the thirty thousand dollars, the total value of our part of San Fernando.

Your father salutes you with the new year.

      (Signed)          EULOGIO DE CELIS.

          BILBAO, February 15th, 1868.

DEAR EULOGIO: The purchase by us of Andres Pico's share in San Fernando is impossible. If the sale of our portion does take place, a little more or less on the terms which I told you in my last, its proceeds would certainly be not to be despised, at interest in any form in that country.

          Your father,

          E. DE CELIS.

          BILBAO, March 1st, 1868.

DEAR EULOGIO: I answered yours of December 15th, 1867, and January 1st, 1868. I thank you for the local news you gave us of that city. I see that in all your projects our money enters, or rather that of remitting to you new funds. In my two last I made it clear to you, in family confidence, how impossible this was without exposing us in our future plans, to being in want of the daily necessaries of life for our subsistence, which would be a madness I shall not commit. You ought then to turn your eyes to the lands of that country and sell some to promote others; that is the order. I know well that the Americans who surround you desire capital to come into their country, but his daily bread no father of a family will risk. If you have not powers to sell or partition lands, looking for a confirmation of your father and mother, without receiving the proceeds, that confirmation, it being just and proper, will not have to be waited for.

May you enjoy health, and may God dispose of you and yours.

E. DE. CELIS.

On the 20th day of April, 1868, the son, as attorney in fact of his father, entered into a contract with the plaintiffs, by which he agreed that the father should sell and convey to the plaintiffs his interest in said tract of land, in consideration of the sum of thirty-five thousand dollars, three thousand of which was paid down, and the sum of seventeen thousand was to be paid as soon as a deed could be procured from the father, and within four months from the date of the contract, and the remaining fifteen thousand to be secured by mortgage on the land. On the 27th of January, 1869, the father died at Bilbao, and on the 9th day of October, 1869, the said son was appointed the administrator of his estate. On the 17th day of December, 1869, the plaintiffs filed in the Probate Court a petition asking the Court to enforce the contract. A judgment was entered directing the administrator to execute a conveyance, and he appealed from the same. The wife and children of the intestate were made parties to the proceeding.

*James H. Lander*, and *M. G. Cobb*, for Appellants.

The power of attorney, being general, does not give authority to make a conveyance of land, or to bind the principal by a contract to convey. (*Lord* v. *Sherman*, 2 Cal. 498; *Billings* v. *Morrow*, 7 Cal. 171; *Blumm* v. *Robertson*, 24 Cal. 127.) A power of attorney is subject to strict interpretation. (*Withington* v. *Herring*, 5 Bing. R. 442; *Wood* v. *Goodridge*, 6 Cush. 117; *Ferreira* v. *Depew*, 17 How. Pr. 418.) The letters from deceased to the agent, not being executed and acknowledged as required by law, but mere parol evidence, confer no authority on the agent to sell land, nor do they control, aid, or enlarge the authority contained in the power of attorney.

(General Laws, Sec. 669; Story on Agency, Sec. 76; Paley on Agency, by Lloyd, n. 179 and n. 198.)

*Pringle & Pringle,* for Respondents.

The power of attorney, if not sufficient to authorize a sale of lands, was yet the constitution of an agency to which the subsequent letters supplied the necessary power. Those letters were exhibited to the petitioners and relied on by them in making their contract. They were sufficient to empower the agent to make a contract of sale. The powers given were ample for that purpose. (*McNeil* v. *Shirley*, 33 Cal. 202.) The father gives to his son every power except that of making the deed. He withholds that only to insure his compliance with the instructions given. The acts of the son, within those instructions, are certainly binding upon the father. "As regards the bill of sale, you can give a provisional obligation while the deed comes, that we may return it, signed by myself and your mother." . "Sell property, and the sale will be approved."

By the Court, Rhodes, C. J.:

The power of attorney and the letters of the principal were not sufficient authority to the attorney in fact to bind the principal by a contract of sale of the lands in controversy. The question whether the Probate Court has jurisdiction of a proceeding to specifically enforce the performance of a contract of sale of real estate is reserved.

Judgment reversed and cause remanded.

Mr. Justice Crockett did not express an opinion.