[No. 12784. In Bank. — September 1, 1890.]

## GEORGE GRANT, APPELLANT, v. WILLIAM EDE, RESPONDENT.

SPECIFIC PERFORMANCE — CONTRACT OF SALE — AGENCY — AUTHORITY TO FIND PURCHASER — COMMISSION. — A letter from the owner of real estate to his agent, saying: "As you stated you could get thirty thousand dollars for the place you occupy on Market Street, and if you can, we will sell at that price any time before the first day of September, 1887, and allow you two and one half per cent on said price, and if no sale is made, no expenses to us,"—simply authorizes the agent to find a purchaser who would pay the price stated, and binds the principal to pay the commission agreed upon for finding such purchaser; but it does not authorize the agent to execute a contract to sell and convey the property so as to bind the principal, nor can the purchaser specifically enforce against the principal such a contract, signed by the agent, by virtue of the authority contained in such letter.

ID. — IMPERFECT AGREEMENT. — Such letter does not constitute an agreement of the principal which such purchaser can enforce, as it merely fixes a price, and does not specify any form of deed or time of payment, or of delivery of possession, or authorize the agent to make such specifications.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Hall & Rodgers*, for Appellant.

*J. C. Bates*, for Respondent.

The written instrument is the measure of authority to the agent. (Story on Agency, secs. 76–83; *Blum* v. *Robertson*, 24 Cal. 140; *Billings* v. *Morrow*, 7 Cal. 174; 68 Am. Dec. 235; 1 Parsons on Contracts, 5th ed., c. 3, p. 42.) No compensation could have been recovered for finding a purchaser but for the written instrument. (Civ. Code, sec. 1624.) The instrument merely fixed a price, and the measure of compensation to the agent. (Civ. Code, sec. 1624, subd. 6, sec. 1741; Code Civ. Proc., sec. 1973, subd. 5.) A naked authority or proposal to sell may be withdrawn. (*Martin* v. *Hudson*, 79 Cal. 612; *Brown* v. *Pforr*, 38 Cal. 550; *Flan-*

*agan* v. *Brown*, 70 Cal. 259; *Armstrong* v. *Lowe*, 76 Cal. 616; *Rutenberg* v. *Main*, 47 Cal. 219; *Treat* v. *De Celis*, 41 Cal. 207; *Duffy* v. *Hobson*, 40 Cal. 243; 6 Am. Rep. 617; *Fraser* v. *Ford*, 2 Head, 466; *Bosseau* v. *O'Brien*, 4 Biss. 395.)

PATERSON, J.—It is alleged in the complaint herein that the defendant, being the owner of certain real estate, gave to Martin the following authorization to sell the same:—

"SAN FRANCISCO, August 3, 1867.

"MR. WHEELER MARTIN.

"As you stated you could get thirty thousand dollars for the place you occupy on Market Street, and if you can, we will sell at that price any time before the first day of September, 1887, and allow you two and one half per cent on said price, and if no sale is made, no expenses made to us.          Yours truly,

[Signed]                              "WILLIAM EDE."

Thereafter Martin executed and delivered to the plaintiff an agreement in the following words:—

"By virtue of the within and foregoing authority, I, Wheeler Martin, have, this twenty-third day of August, 1887, sold unto George Grant, of San Francisco, the land in said authority mentioned, situated in the city and county of San Francisco, state of California, and particularly described as follows, . . . . for the sum of thirty thousand dollars, of which five hundred dollars was paid by check dated August 23, 1887, payable to said William Ede, and twenty-nine thousand five hundred dollars in cash to be paid with said check upon the execution by said Ede of a deed conveying said property to said Grant, purchaser, as aforesaid.

[Signed]                              "WILLIAM EDE,

By MARTIN, his Agent."

It is further alleged that, on the execution of this agreement, plaintiff paid to the defendant five hundred

dollars as a deposit and part payment of the purchase-money; that plaintiff has duly performed all the conditions on his part to be performed, and is ready and willing, on having a good and marketable title made to him of said premises, to pay the balance of the purchase-money; and that, on the day named in the agreement, he tendered to the defendant the sum of thirty thousand dollars, and requested such a conveyance, but the defendant refused to execute or deliver such conveyance. Plaintiff asks judgment against the defendant that, on payment by him to the defendant of the amount of the purchase-money, he, said defendant, be required to execute and deliver a good and sufficient deed. It is admitted by the appellant that the power of a broker is merely to find a purchaser, but he claims that this rule cannot apply here, because the purchaser had already been found. The case cited by him (*Rutenberg* v. *Main,* 47 Cal. 220) is not like the case at bar. In that case the written instruments and corroborative circumstances showed the parties intended that on the receipt of the dispatch affirming the preliminary action of Meinecke, he, the agent, should be clothed with power to make the sale binding on his principal. The contention of appellant, that the authority to find a purchaser had been given before the letter was written to Martin, and that the latter had already found a purchaser, and reported the fact to the defendant, is not sustained by the record. The object of the writing, doubtless, was to fix the price which the defendant was willing to take for the land, and the compensation he was willing to allow Martin for making the sale. Without this written memorandum, signed by the party to be charged, Martin could not have recovered compensation for negotiating the sale of the property. The language of the letter is: "We will sell." It does not say that Martin is authorized to sell and convey for the price named, nor is any form of deed or time of payment or of delivery of possession specified. Martin was

authorized simply to find a purchaser who would pay thirty thousand dollars, and if he should succeed in finding such purchaser, he was to receive a commission of two and one half per cent. The interpretation put upon the agreement by the court below is sustained by the following authorities: *Duffy* v. *Hobson*, 40 Cal. 244; 6 Am. Rep. 617; *Treat* v. *De Celis*, 41 Cal. 202; *Armstrong* v. *Lowc*, 76 Cal. 616. The demurrer therefore was properly sustained.

Judgment affirmed.

BEATTY, C. J., WORKS, J., SHARPSTEIN, J., FOX, J., and McFARLAND, J., concurred.