[No. 13360.   Department Two.—June 18, 1894.]

WHEELER MARTIN, RESPONDENT, v. WILLIAM
EDE, APPELLANT.

REAL ESTATE BROKER—RECOVERY OF COMMISSIONS—PROOF REQUIRED.—
Under a written authority to a real estate broker to obtain a purchaser
for land at a stated sum, within a specified period, for an agreed com-
mission, in order to entitle the broker to recover the commissions
agreed upon it is only necessary to show that, in pursuance of his em-
ployment, and within the time specified therein, he found a purchaser
ready and willing to purchase the property on the terms specified in
the authorization.

ID.—BROKER'S KNOWLEDGE OF TITLE IMMATERIAL—RIGHT OF COMPENSA-
TION.—A real estate broker has nothing to do with the title or owner-
ship of the property, and his knowledge as to the title, or the equitable
estate of a third person therein, is of no consequence; and his right to
the compensation contracted for does not in any way depend on the
validity or invalidity of the defendant's title to the property.

ID.—BROKER NOT CHARGEABLE WITH EXPENSE OF SUIT BY PURCHASER.—
A real estate broker who does not exceed his authority under the agree-
ment in obtaining a purchaser is not legally liable for expenses incurred
in a suit by the purchaser for specific performance of the contract of
purchase against the owner of the property.

ID.—APPLICATION OF PAYMENTS—RENT ACCOUNT—INTEREST.—Where
interest due on the demand in favor of the broker is in excess of a rent ·
account due to the defendant at the time the rent account accrued, the
court may properly apply the rent account on the interest then due the
plaintiff, and refuse to allow interest on the rent account.

ID.—INTEREST ON BROKER'S COMMISSIONS.—A demand for broker's com-
missions, which is capable of being made certain by computation,
draws interest from the time when it became due, under section 3287
of the Civil Code.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion.

*J. C. Bates*, for Appellant.

The alleged agreement authorizing the plaintiff to
sell the property was invalid, as it was not signed by
all the persons having an interest in the land, and the
parties to be charged thereby. (Civ. Code, secs. 1624,
1625; *Frazer* v. *Ford*, 2 Head, 466; *Snyder* v. *Neefus*, 53

Barb. 66; *Van Alstine* v. *Wimple*, 5 Cow. 162; *Schroeppel* v. *Corning*, 5 Denio, 247; *Haydock* v. *Stow*, 40 N. Y. 371.) From the use of the word "we" in the agreement plaintiff had notice that defendant was not the sole owner, which should have put him upon inquiry as to the ownership. (*Frazer* v. *Ford*, 2 Head, 466.) Besides, plaintiff had sufficient notice and knowledge that the defendant was not sole owner. (*Bauer* v. *Pierson*, 46 Cal. 298.)

*Sullivan & Sullivan*, for Respondent.

A broker employed to effect a sale is entitled to his commission, when he produces a party who is ready and willing to make the purchase at the agreed price. (*Heyn* v. *Philips*, 37 Cal. 531; *Phelan* v. *Gardner*, 43 Cal. 306; *Gonzales* v. *Broad*, 57 Cal. 224; *Dolan* v. *Scanlan*, 57 Cal. 261; *Wilson* v. *Sturgis*, 71 Cal. 226; *Phelps* v. *Prusch*, 83 Cal. 627; *Smith* v. *Schiele*, 93 Cal. 144.)

SEARLS, C.—This is an appeal from a judgment in favor of the plaintiff, Wheeler Martin, for $905.45, and from an order denying a motion by defendant for a new trial.

The action was brought to recover the sum of $750 for commissions due to the plaintiff (who is respondent here), as a broker, in effecting the sale of certain property belonging to appellant.

The authorization under which the former acted is in writing, and in the following language:

"SAN FRANCISCO, August 3, 1887.

"MR. WHEELER MARTIN: As you stated you could get thirty thousand dollars for the place you occupy on Market street, and, if you can, we will sell at that price any time before the first day of September, 1887, and allow you two and one-half per cent on said price, and, if no sale is made, no expenses made to us.

"Yours truly,

"WILLIAM EDE."

This authorization was never revoked by defendant.

Subsequent to the execution of said paper, and on the twenty-second day of August, 1887, plaintiff found a purchaser for said lot of land, who was willing, and able, and offered, to pay to said defendant said sum of $30,000 for said property.

At the date of said agreement the legal title to said property stood in the name of defendant, but one Josephine Cory owned an equitable interest therein to the extent of one-sixth thereof, and was at the date of the agreement willing to sell. Plaintiff had heard that said Cory had an interest in the property, but was ignorant of the nature or extent of her claim.

The testimony showed that Charles Grant was the party offering to purchase the property, and that he afterwards commenced an action for the specific performance of the contract to convey against the defendant, Ede, which action was decided in favor of said defendant, appealed to this court, and the judgment affirmed. (*Grant* v. *Ede*, 85 Cal. 418.)

Defendant set up two counterclaims to this action. One for $261.50, on account of expenses incurred in the defense of the action of *Grant* v. *Ede*, which was not allowed, the other for $120, on account of four month's rent of a house, which was allowed by the court.

Appellant assigns the following errors as cause for reversal:

1. The court erred in ruling out the testimony of appellant proving his counterclaim of $261.50, on account of money expended in *Grant* v. *Ede*.

2. That plaintiff exceeded his authority in agreeing to sell the whole of the property, and is, therefore, liable for damages suffered by his principal by reason thereof.

3. Plaintiff exceeded his authority in agreeing to sell the whole of the property, and is not entitled to compensation.

4. The authorization, if valid, would only entitle plaintiff to recover five-sixths of $750, less counterclaims.

5. The alleged agreement authorizing plaintiff to sell the real estate was invalid, because not signed by both the parties to be charged.

These contentions are so intimately connected and blended that they may properly be considered together.

The authorization by defendant was in writing, signed by him who is the party charged, and is not, therefore, obnoxious to the provision of subdivision 6 of section 1624 of the Civil Code.

The contention of appellant, upon which the first error is assigned, is founded upon the theory that the plaintiff knew that defendant owned only five-sixths of the property, and exceeded his authority in agreeing to sell the whole property, and is consequently liable for the damages sustained by defendant.

A reference to the authorization will show that the authority to plaintiff to get a purchaser for the land at $30,000, and, in the language of the agreement, "if you can, we will sell at that price any time before the first day of September, 1887, and allow you two and one-half per cent," etc.

As said on the appeal here in *Grant* v. *Ede*, 85 Cal. 420; 20 Am. St. Rep. 237: "It does not say that Martin is authorized to sell and convey for the price named, nor is any form of deed or time of payment or of delivery of possession specified. Martin was authorized simply to find a purchaser who would pay $30,000, and if he should succeed in finding such purchaser, he was to receive a commission of two and one-half per cent," citing *Duffy* v. *Hobson*, 40 Cal. 244; 6 Am. Rep. 617; *Treat* v. *De Celis*, 41 Cal. 202; *Armstrong* v. *Lowe*, 76 Cal. 616.

To entitle plaintiff to recover his commissions under the agreement, it was only necessary to show that in pursuance of his employment, and within the time specified therein, he found a purchaser ready and willing to purchase the property on the terms specified in the authorization. This he did beyond dispute.

With the title or ownership of the property he had nothing to do, and his knowledge as to the title or the

equitable estate of Josephine Cory therein was of no consequence. These were questions for the defendant to determine when he made the agreement.

It is matter of common knowledge that, in the business world, men do frequently obtain what are termed options upon real property—that is to say, the right to purchase, and then employ brokers to negotiate a sale at an enhanced price, the title being all the while in others.

Brokers sell tons of wheat for future delivery on account of principals who do not or may not own a kernel of that commodity; yet in the absence of law prohibiting such sales they are entitled to their commissions, and knowledge of the non-ownership of their principals does not defeat their right to recover.

A may possess such knowledge as justifies him in his judgment in contracting to sell, or in contracting with a broker to sell for him or to find a purchaser for property which he does not own. If he does so, without so guarding his agreement as to save himself, in case of failure to secure title to the thing he has authorized to be sold, he cannot be heard to complain of the result of his own folly or lack of foresight.

If A is employed by B to labor at a monthly stipend upon land which they both know B does not own, and the services are performed in consonance with the contract, a recovery cannot be defeated by such knowledge on the part of A.

As was said in *Gonzales* v. *Broad*, 57 Cal. 225: "The plaintiff did all he was bound to do under his contract, to entitle him to the remuneration agreed on. He procured a purchaser ready and willing to buy the property at the price for which the defendant proposed to sell it, which purchaser was acceptable to the defendant. The plaintiff could do no more. His right to compensation did not in any way depend, according to the contract, on the validity or invalidity of the defendant's title to the property." *Phelps* v. *Prusch*, 83 Cal. 628; *Phelan* v.

*Gardner*, 43 Cal. 311; *Smith* v. *Schiele*, 93 Cal. 149, as well as many other cases in this court, are to like effect.

If it be affirmed that the plaintiff acted in excess of his power, by giving to Grant an agreement for the sale of the property, the answer is:

1. There is no evidence of such agreement in the record or statement from which its contents can be divined.

2. If we may look to the case of *Grant* v. *Ede*, 85 Cal. 418, 20 Am. St. Rep. 237, as reported, for its contents, it is there apparent that it was not of such a character as to bind defendant.

It follows that plaintiff did not exceed his authority, and was not legally liable for the expenses incurred in *Grant* v. *Ede*, and hence that the exclusion of the record in that case and the evidence of those expenses on the part of defendant was proper.

The foregoing reasoning applies equally to the other errors mentioned, except as to the point made that the defendant was entitled to interest on the sum of $120 due him August 1, 1891, on account of rent.

When that sum fell due the defendant there was due to plaintiff an account of interest on his demand of $750 a sum in excess of $120, hence the court properly applied the $120 on the interest then due the plaintiff.

Plaintiff's demand was due September 1, 1887, and was capable of being made certain by computation. It therefore drew interest under section 3287 of the Civil Code.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.