[Sac. No. 1251. Department Two.—January 27, 1906.]

## S. J. WHITE, Appellant, v. BANK OF HANFORD et al., Respondents.

VENDOR AND PURCHASER—CONTRACT OF SALE—OPTION OF VENDEE—RIGHTS OF PARTIES.—Where a contract for the sale of land merely gives the vendee an option to purchase, in consideration of a cash payment, which is to be forfeited if the purchase is not consummated, and creates no mutuality of obligation, in that the contract imposes no liability upon the vendee to make the purchase, his rights are only to complete the purchase and compel the execution of the deed upon performance of the terms of the agreement within the time limited by it, and the correlative duties of the vendor are only to make the deed upon demand of the purchaser and a tender by him within the time specified in the contract.

ID.—SALE BY HOLDER OF OPTION—BINDING CONTRACT—DEED BY VENDORS IN ESCROW—NON-PERFORMANCE—UNTENABLE ACTION.—Where the holder of the option made a binding contract of sale to other parties, who repaid him the cash paid, and agreed to pay the residue of the purchase money, in accordance with the terms of the option, and the original vendors deposited a deed of the land to such other parties in escrow in defendant bank, conditioned upon payment within the time limited and not otherwise, upon non-performance of such condition by such parties, and by the holder of the option, the latter, being in default, cannot maintain an action to compel payment by such parties, and the delivery of the deed thereupon.

APPEAL from a judgment of the Superior Court of Kings County. M. L. Short, Judge.

The facts are stated in the opinion of the court.

F. B. Brown, and Dixon L. Phillips, for Appellant.

Frank McGowan, and E. Westlake, for Respondents.

HENSHAW, J.—Defendants Johannsen and Battenfeldt entered into an agreement with plaintiff, White, in the following language: "ARMONA, July 24, 1903.—This is to certify that Sandy J. White has an option of purchase of our half section of land, being the south half of section 29, township 19 south, of range 21, containing 320 acres, together with all the

growing crops of every kind, for the sum of $10,200 to be paid as follows, to wit: $250 cash down, the balance of $9,950 to be paid on or before August the 15th, 1903, and if said sum is not paid at said date then the above sum to be forfeited. We agree to pay S. J. White $1,000 as his commission, and when sale is made said White is to buy one stack of hay at $175, said $175 to be taken out of said commission. We agree to give an abstract of title and also to give possession within thirty days from date if sale is made. Said $250 is receipted as part payment upon said land, also one and one-half share of McCrary Side Ditch stock to go with said place when said sale is completed.'' That this agreement amounted to an option to purchase, and no more, the simple reading of it demonstrates. Two hundred and fifty dollars was the consideration for the option, which sum was to be forfeited in case a purchase was not made, but was to be applied as part of the purchase price in case of sale. Commission in the sum of $1,000 was provided for, as in the ordinary real estate broker's contract. There was no mutuality of obligation, in that the agreement nowhere imposed any liability upon White to make the purchase. The rights of White under this contract are precisely as appear upon the face of it—the right to complete the purchase and compel the execution of a deed by Johannsen and Battenfeldt upon performance of the terms of the agreement, within the time limited by it. Upon the other hand, the correlative duties of Johannsen and Battenfeldt were no other than appear upon the face of the agreement—to make the deed upon demand of White and a tender by him within the time specified in the contract. (*Duffy* v. *Hobson,* 40 Cal. 240, [6 Am. Rep. 617]; *Treat* v. *De Celis,* 41 Cal. 202; *Armstrong* v. *Lowe,* 76 Cal. 616, [18 Pac. 758]; *Grant* v. *Ede,* 85 Cal. 418, [24 Pac. 890, 20 Am. St. Rep. 237].)

Upon the 28th of July of the same year plaintiff, White, entered into a formal agreement with defendant W. A. Sage for the purchase and sale of the Johannsen and Battenfeldt land, Sage paying two hundred and fifty dollars, and agreeing to pay the remainder of the purchase price on or before August 15th, the same date fixed for performance in White's agreement with Johannsen and Battenfeldt. The contract provided that in the event of Sage's failure to comply with the terms

of his agreement White was released from all obligations to convey the property, and Sage forfeited all right thereto. This agreement, as has been said, was entered into between Sage and White. It was not pretended that it was executed in the name of, or on behalf of, Johannsen and Battenfeldt. Johannsen and Battenfeldt, on the 29th of July, made their deed of grant, bargain, and sale to W. A. Sage and J. W. Sage, grantees, conveying the property covered by the agreement, and deposited the deed with the defendant the National Bank of Hanford, with written instructions as follows: "Herewith we hand you deed from ourselves to J. W. Sage and A. W. Sage of Humboldt County, California, for all of the south half of section 29, Tp. 19 S., range 21 E., Mt. D. B. & M., and a bill of sale of the live stock, and other personal property now on the premises. Upon the payment to you of the sum of $14,-175.00 in cash and the assumption of the mortgage held by you of $9,000.00 on or before the 15th day of August, 1903, and not otherwise, and the said cash payment to be made for our account, you are hereby authorized to deliver all such papers to S. J. White or order." It will be noticed by the terms of these instructions that the escrow papers were to be delivered to plaintiff, White, and it is not disputed that the terms of delivery prescribed by Johannsen and Battenfeldt in their written instructions to the bank were strictly conformable to their agreement with White. At this point the proceedings seem to have lagged. Sage did not tender the money to White nor demand the deed, and White, upon the other hand, never tendered the purchase price of the land to Johannsen and Battenfeldt, and is irremediably in default in that regard.

In his complaint plaintiff sets up all these matters, and conceives that he is entitled to the following relief, which he prays for: "That the defendant First National Bank of Hanford be enjoined and required to deliver unto said W. A. Sage the said bill of sale, the said deed, and the said release of mortgage, and that at the same time the said W. A. Sage be enjoined and required to pay unto the said First National Bank of Hanford the sum of $28,550, together with interest thereon at the rate of 7 per cent per annum, from the 15th day of August, 1903, until judgment and decree is duly had and rendered herein for and on behalf of this plaintiff, the

said Bank of Hanford, the said L. L. Johannsen, and W. H. Battenfeldt; and the said First National Bank of Hanford, upon the payment of said last-mentioned sum do pay immediately out of said fund unto this plaintiff the sum of $6,875, and interest thereon from the 15th day of August 1903, at the rate of 7 per cent per annum, the said Bank of Hanford the sum of $9,000, and the remainder unto said L. L. Johannsen and W. H. Battenfeldt.'' The court sustained a demurrer to this complaint, and, plaintiff declining to amend, judgment passed for defendants, and this appeal is taken.

The mere statement of the case as above given proves the soundness of the court's ruling. Plaintiff being in default, under the terms of his agreement with Johannsen and Battenfeldt, which agreement, as we have seen, gave him a mere option of purchase until August 15th, had no right or claim of any kind whatsoever against defendants Johannsen and Battenfeldt. As plaintiff had no right to compel a conveyance of the land by Johannsen and Battenfeldt, he had equally no right in equity to compel Sage to pay money for land to which Sage never could get title. If plaintiff has in any way been injured by any default of Sage (a matter which in no sense do we decide), there is open to him a legal action for damages.

The judgment appealed from is affirmed.

McFarland, J., and Lorigan, J., concurred.