### BROKER'S COMMISSION FOR FINDING A PURCHASER.

Circuit Court of Guernsey County.

JENNIE BARBER v. STEPHEN R. HEADE.

Decided, April Term, 1907.

*Contract with Broker—For Sale of Land—Purchaser Found—Tender of Agreed Amount Made—Commission Payable Notwithstanding Offer to Purchase was not in Writing.*

When an owner contracts in writing with a broker to *sell* a parcel of land, and the broker secures a purchaser who offers to take the land in accordance with such contract, and duly tenders the money to and demands a deed from the owner, such broker is entitled to his commission although no memorandum in writing of the contract between the broker and purchaser was signed by the purchaser.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Jennie Barber entered into a contract in writing, duly signed by her, by which she employed Stephen R. Heade to sell a parcel of land situated in the city of Cambridge. The contract provided:

"I agree that in the event of the sale of the property by S. R. Heade, agent, at the consideration of sixty-four hundred dollars, that I will make a good deed of general warranty to such grantee as shall be named by the said S. R. Heade, agent. Said option

to expire within fifteen days. Said S. R. Heade to receive a commission for his services in making the sale, the sum of one hundred and thirty dollars.''

S. R. Heade sold the land to Marrietta H. Keenan for the sum of sixty-four hundred dollars, but had no contract in writing with her or memorandum signed by her of said sale. Within the fifteen days Marrietta H. Keenan went with S. R. Heade to the owner, Jennie Barber, and duly tendered her the purchase price, sixty-four hundred dollars in gold, and demanded a deed for the premises in accordance with the contract with her agent, S. R. Heade, but she refused to make the same, stating she had concluded not to sell the premises. S. R. Heade demanded payment of his commission but she refused payment, and suit was brought for the same. The court below rendered judgment for the plaintiff for his commission.

Plaintiff in error defended below, solely upon the ground that defendant in error never secured a purchaser for the property, and makes that claim upon error as her only defense to the payment of the commission. Counsel insist that as no memorandum in writing had been signed by Marrietta H. Keenan that there was no binding obligation upon her part to take the property and that although she was willing and anxious to take it, and duly tendered the purchase price, yet defendant in error was not entitled to his commission.

It is not necessary for us to consider the relative rights of Marrietta H. Keenan and plaintiff in error as to whether or not she could insist upon her purchase and compel plaintiff in error to fulfill her contract, although upon that question we have little doubt as the contract between plaintiff in error and defendant in error provided that Heade should sell the land.

Plaintiff in error was to make a sale of the land at a certain price and in a certain time. He did so, and went with the purchaser to plaintiff in error, who tendered the money and demanded the deed in accordance with her contract with Heade. It was no fault of the purchaser, or of plaintiff in error, that the contract was not completed. The contract between plaintiff in error and the purchaser through the agent was not void but only

voidable (*Jefferson* v. *Dallas et al*, 20 O. S., 68). The purchaser did not see fit to avoid the contract but claimed its fulfillment, and, by so doing, made the obligation of plaintiff in error to pay defendant in error his commission absolute.

In the 44 Lawyers' Reports Annotated, in the note on page 594, it is said:

"It has been held that there is no meritorious distinction between the case of an agent undertaking to sell and one undertaking to find a purchaser, upon the ground that the agent in undertaking to sell must not alone find a purchaser but must place the parties in such a position that the sale may be enforced between them by law, for the reason that the broker in either case is required to do no more than find a purchaser, and can not do the selling unless specifically authorized to do so by power of attorney, the undertaking to sell in such cases being no more than an engagement to find a purchaser who is ready and willing to buy (*McFarland* v. *Lillard*, 2 Ind. App., 160). To the same effect, *Treat* v. *DeCelis*, 41 Cal., 202; *Duffy* v. *Hobson*, 40 Cal., 240 (6 Am. Rep., 617); *Goss* v. *Broom*, 31 Minn., 484; *Reynolds* v. *Tompkins*, 23 W. Va., 229; *Lockwood* v. *Rose*, 125 Ind., 588."

The judgment of the court of common pleas is affirmed.

*Troette & Baker*, for plaintiff in error.

*Robert T. Scott*, for defendant in error