Porto Rico Fertilizer Company, Demandante y Apelada, v. Gandía, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero.

No. 2333.—Resuelto en abril 29, 1921.

Obligaciones—Compensación—Créditos no Compensables.—Una persona que ha sido demandada en cobro de una deuda líquida y vencida no puede alegar con éxito la compensación basada en un crédito contra el acreedor demandante cuando tal crédito es objeto de actual contienda judicial en la que el demandado alega haberlo pagado a otra persona que se había convertido en dueña legítima del mismo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Guzmán Benítez.*

Abogados de la apelada: *Sres. C. Coll Cuchí y. G. Cruzado Silva.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La Porto Rico Fertilizer Company entabló demanda contra Pedro Gandía Córdova en cobro de pesos, alegando lo que sigue:

"I. Que la demandante es una corporación debidamente organizada con arreglo a las leyes de Puerto Rico, haciendo negocios en esta Isla y cuyo objeto principal es la fabricación de abonos químicos y el demandado comerciante, vecino de San Juan, y que no existe causa alguna que modifique la capacidad civil de ambos.

"II. Que el demandado Pedro Gandía suscribió a favor de la demandante, el 7 de junio de 1916 por la causa que allí se expresa, un pagaré que copiado literalmente dice así: 'No. 1743.—Por $220.93.—Valor al 7 de junio de 1917.—Debo y pagaré el día 7 de junio de 1917 a la Porto Rico Fertilizer Company o a su orden, en San Juan, P. R., o en el domicilio del tenedor de este documento, la cantidad de doscientos veinte dollars 93 cts., cuya suma devengará en caso de demora, el interés del uno por ciento mensual. Esta obligación procede de abono químico que a mi entera satisfacción compré a dicha compañía y la declaro preferente a los efectos legales; pues ha sido condición expresa que el abono por mí comprado, lo utilizaré sólo y exclusivamente en mis plantaciones de

cañas y a ello me comprometo en la más solemne forma.—Todos cuantos gastos ocasione el cobro de esta obligación, honorarios de abogado inclusive me obligo a satisfacerlos. San Juan, P. R., 7 de junio 1916.—(f) P. Gandía.'

"III. Que dicho demandado Pedro Gandía suscribió a favor de la demandante, el 21 de febrero de 1916, por la causa que allí se expresa otro pagaré (se transcribe literalmente. Es por $615.73, valor al 30 de junio de 1916 y está redactado en los mismos términos que el anterior.)

"IV. Que todos y cada uno de dichos pagarés relacionados ha vencido y no ha sido pagado ni en todo ni en parte por Pedro Gandía, a pesar de las reiteradas demandas hechas por el demandante a dicho señor, y en tal virtud a la corte suplica se sirva dictar sentencia condenando al demandado a que satisfaga a la demandante la suma de ($835.66) ochocientos treinta y cinco dollars con sesenta y seis centavos más los intereses de dicha suma desde la fecha del vencimiento de cada obligación hasta la del pago, al tipo convenido y a pagar también los gastos, costas y honorarios de abogados que legítimamente se produzcan en este proceso."

El demandado contestó en la siguiente forma:

"Primero. Admite como cierto lo alegado en el párrafo primero de dicha demanda enmendada.

"Segundo. También es cierto el contenido del párrafo segundo.

"Tercero. Asímismo es cierto lo que se alega en el párrafo tercero.

"Cuarto. Lo alegado en el párrafo cuarto de la demanda es cierto en cuanto a que los dos pagarés mencionados e insertos en los párrafos segundo y tercero están vencidos y que no han sido pagados ni en todo ni en parte; pero el demandado niega, porque no es cierto, que el demandante antes de presentar su demanda, hubiera hecho a Pedro Gandía reiteradas demandas para el pago de dichas obligaciones."

Seguidamente alegó el demandado, como materia nueva, la *compensación,* basada, en resumen, en los siguientes hechos: que el demandado ha sido y aún se considera ser accionista de la corporación demandante; que en el reparto de dividendos que aquélla verificó en junio de 1916, le correspondió a dicho demandado la suma de $8,234.06 cuyo efectivo quedó a disposición del demandado en la caja de la corporación;

que disuelta y liquidada la sociedad Gandía & Stubbe creadora de la corporación demandante, Gandía ofreció a J. D. Stubbe, su socio y sucesor en la presidencia de la corporación demandante, que le vendería sesenta acciones de ésta que le pertenecían personalmente; que Stubbe en combinación fraudulenta con Trías, liquidador de Gandía & Stubbe, hizo aparecer en los libros que Gandía había cedido a Stubbe los dichos dividendos, y habiendo Gandía promovido un pleito contra la Porto Rico Fertilizer Company reclamándole el pago de los repetidos dividendos, la compañía demandada alegó, a sabiendas de que tal cesión era falsa, que había pagado los dividendos en cuestión a Stubbe Brothers como cesionarios de J. D. Stubbe, a quien a su vez los había cedido Gandía.

Trabada así la contienda, se llamó el pleito para juicio el 13 de julio de 1920. Las partes anunciaron estar listas. La demandante dijo que no presentaría prueba y solicitó que se dictara sentencia por el mérito de las alegaciones. Se opuso la parte demandada, sosteniendo que tenía derecho a probar su compensación. La corte resolvió el caso en favor de la demandante y el demandado estableció entonces el presente recurso de apelación.

Es un hecho que el demandado admitió que debía las sumas reclamadas por la corporación demandante. Sobre esto no hay duda alguna. La verdadera cuestión a estudiar y a resolver es la de si el demandado en su materia nueva presentó o no un caso de "compensación." Si lo presentó, debe revocarse la sentencia apelada y devolverse el pleito a la corte de su origen para que continúe tramitándolo de acuerdo con la ley. Pero si aceptando como ciertos los hechos alegados en la materia nueva, puede concluirse que el demandado no estableció un caso de compensación, debe confirmarse la sentencia recurrida.

Prescribe el Código Civil que las obligaciones se extinguen por el pago o cumplimiento, por la pérdida de la cosa

debida, por la condonación de la deuda, por la confusión de los derechos del acreedor y deudor, por la compensación y por la novación. Quiere decir que la "compensación" es, de acuerdo con el precepto expreso de la ley, uno de los medios de la extinción de las obligaciones. ¿Cómo y cuándo procede? La misma ley lo determina. Tendrá lugar la compensación, dice el artículo 1163 del Código Civil, cuando dos personas, por derecho propio, sean recíprocamente acreedoras y deudoras la una de la otra. Y para que proceda la compensación, expresa el artículo 1164 del propio cuerpo legal, es preciso: 1°., que cada uno de los obligados lo esté principalmente y sea a la vez acreedor principal del otro; 2°., que ambas deudas consistan en una cantidad de dinero, o siendo fungibles las cosas debidas, sean de la misma especie y también de la misma calidad, si esta se hubiere designado; 3°., que las deudas estén vencidas; 4°., que sean líquidas y exigibles, y 5°., que sobre ninguna de ellas haya retención o contienda promovida por terceras personas y notificada oportunamente al deudor.

Los cuatro primeros requisitos existen en este caso. Es el último el que ofrece la verdadera duda. No consta que los dividendos hayan sido retenidos, ni que una tercera persona haya promovido un pleito reclamando como suyos los indicados dividendos, pero el mismo demandado dice que él se vió obligado a entablar otro pleito reclamando para sí los dividendos y que en ese otro pleito la demandada, demandante en éste, alegó que dichos dividendos habían sido pagados a una tercera persona, Stubbe Brothers, a quien se los había cedido J. D. Stubbe que traía causa del propio demandado Gandía.

Hemos consultado la jurisprudencia del Tribunal Supremo de España y no hemos encontrado ningún caso igual al presente. La sentencia de 21 de marzo de 1898, 83 J. C. 679, 685, se limita en sus considerandos a seguir las exactas pala-

bras de la ley expresando que en dicho caso, en el cual se estimó bien alegada la compensación, no había retención ni contienda promovida por terceras personas.

Ninguno de los comentaristas españoles que hemos consultado emite juicio alguno que pueda aplicarse a este caso concreto. Hemos estudiado cuidadosamente el trabajo del Juez Lobinger que ocupa las páginas 224 y siguientes del tomo 12 de Corpus Juris, sobre "Compensation" y muchos de los casos citados, especialmente los de Louisiana donde rigen preceptos de ley iguales a los de Puerto Rico sobre la materia, y tampoco hemos encontrado resuelto el caso de autos.

A nuestro juicio, atendidas las circunstancias que concurren, actuó derechamente la corte de distrito al estimar que, en el momento en que fué alegado, no era compensable el crédito del demandado con el de la corporación demandante.

El crédito de la demandante era cierto, líquido, claro, aceptado como debido por el demandado. El crédito del demandado era un crédito litigioso, negado por la demandante por haberlo ya pagado a otra persona a la que según ella había sido cedido.

La tendencia de la ley y de la jurisprudencia es a evitar la multiplicidad de procedimientos, procurando que todas las cuestiones entre las mismas partes, que puedan serlo, se resuelvan en un solo litigio, pero en este caso ya el otro pleito estaba iniciado y no es procedente que la misma cuestión se someta a los tribunales y se resuelva dos veces en dos pleitos distintos.

Y no se diga que pudiendo decidirse finalmente el otro pleito en favor de Gandía, podría éste correr el riesgo de perder la suma aquí reclamada que se le obligaría a pagar si este caso se resolviera primero, porque nuestro sistema legal ofrece a Gandía amplios medios para asegurar la efectividad de la sentencia que pudiera dictarse en el pleito sobre

cobro de dividendos embargando bienes de la corporación demandada, incluyendo entre ellos, en caso necesario, el propio crédito reclamado en este pleito.

La jurisprudencia que aquí se establece está limitada a resolver el problema tal como fué planteado clara e insistentemente por la propia parte demandada, esto es, como una compensación de acuerdo con las prescripciones del Código Civil.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.