BATTLE, DEMANDANTE-APELANTE-APELADA, *v.* J. B. LITCHE-
TENSTEIN AND Co., DEMANDADA-APELADA-APELANTE.

No. 2943.—*Visto:* Diciembre 21, 1923. *Resuelto:* Mayo 8, 1924.

ARRENDAMIENTO—INCUMPLIMIENTO DE CONTRATO.—Examinada la prueba en la opinión, se concluyó que los arrendadores demandantes faltaron al cumplimiento del contrato y por tanto que no podían obligar a los demandados al cumplimiento del mismo.

ID.—CONTRADEMANDA—NOTIFICACIÓN DE LA CONTESTATIÓN A LA CONTRADEMAN-
DADA.—De todas las alegaciones deducidas después de la demanda, deberá entregarse copia a la parte contraria, pero si tal requisito se omite y la parte con derecho a la copia se queja durante el juicio, después de practicada la prueba de la parte que presentó la alegación y cuando todas las circunstancias tienden a demostrar que estaba perfectamente enterada, no comete error perjudicial la corte al declarar la queja sin lugar.

Id.—Compensación de Reclamaciones Recíprocas.—Un demandante que ha sido contrademandado para que pague el valor de mejoras introducidas, mediante convenio, por los demandados en la finca objeto del arrendamiento, puede pedir que las mejoras sean compensadas con el valor de cánones vencidos y no pagados por dichos demandados como arrendatarios de la finca.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), desestimando la demanda y condenando a los demandantes al pago de una indemnización y a los demandados al pago de una compensación. *Confirmada.*

*Martínez Nadal, Tormes & Colón,* abogados de la demandada-apelada-apelante; *J. Tous Soto* y *Pérez Marchand,* abogados de la demandante y apelante-apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Las demandantes alegaron en su demanda que eran dueñas de cierta finca urbana que arrendaron a la demandada de acuerdo con las condiciones que en la demanda se especifican y que la demandada se negó a firmar la escritura pública convenida no obstante hallarse en posesión de la finca arrendada y estar las demandantes dispuestas a cumplir por su parte con todas las obligaciones estipuladas, y pidieron que se condenara a la demandada a otorgar la escritura y a cumplir con todo lo consignado en la misma.

Contestó la demandada aceptando la celebración del contrato pero negando que diera su conformidad a todas las cláusulas que en la demanda se transcriben. También negó la demandada que ocupara toda la finca. Admitió que ocupaba una parte de ella por habérsela cedido la American Tobacco Co. que antes la tenía en arrendamiento.

Como materia nueva de oposición a la demanda alegó la demandada:

"Que la demandada después de rectificar el error cometido en la cláusula sexta de la minuta servida por las demandantes a la demandada, al fijar la cuantía de mil doscientos dollars cuando el convenio fué de mil quinientos dollars," (se refiere a las mejoras que. debía hacer la demandada reintegrando su importe las demandantes), "y el error cometido al fijar la cuantía de los dos plazos en que debía pagarse esta suma, estuvo dispuesta a aceptar y cumplir

las demás condiciones del contrato y a otorgar la escritura del mismo, en tal forma que la demandada realizó las mejoras que tenía la obligación de hacer en los ranchones en las que gastó la suma de mil quinientos veinte dollars; que la demandada no otorgó la escritura del contrato ni siguió cumpliendo sus obligaciones porque las demandantes dejaron de cumplir antes la obligación de pagar a la demandada el día 10 de marzo de 1921 el primer plazo de novecientos dollars a que venían obligadas según la cláusula sexta del contrato al empezar el arrendamiento, así como también las demandantes dejaron de cumplir la obligación fundamental del contrato de entregar la finca arrendada a la demandada que la parte del edificio que debían entregarle estaba ocupada por la Corporación Porto Rico Importing Co. dedicada a la talla de diamantes la que se resistía a dejar el local.''

Formuló además la demandada una contrademanda reclamando, en resumen, el valor de las mejoras realizadas y el de cierta construcción que, según ella, se vió obligada a hacer por no habérsele entregado a tiempo el almacén arrendado.

Aparece entonces en la transcripción una excepción previa y contestación a la contrademanda formulada por la demandada.  Al final de dicho escrito consta lo que sigue:

''Alegamos además como materia nueva de oposición—Compensación.—Que el contrademandante viene usando y disfrutando una porción del edificio arrendado descrito en la demanda, equivalente a un 93.45 del mismo desde 10 de marzo de 1920, en virtud del contrato de arrendamiento alegado en la demanda, sin haber satisfecho renta alguna, siendo el canon proporcional a la parte así ocupada de \$186.90 mensuales.''

Se celebró la vista practicándose una larga prueba documental y testifical y finalmente la corte de distrito resolvió el pleito basándose en una relación del caso y opinión que, en su parte final, dice:

''La corte después de un estudio detenido de toda la evidencia en conjunto llega a las siguientes conclusiones en este caso: (*a*) Que el contrato o convenio de arrendamiento celebrado entre las partes, no fué cumplido por los demandantes, por no haber éstos podido entregar el edificio en la fecha acordada 10 de marzo de 1921.—(*b*)

Porque los demandantes tenían la obligación de satisfacer al demandado, la suma de seiscientos dollars, por las mejoras introducidas en el edificio por los demandados, al empezar el arrendamiento, o sea el día 10 de marzo de 1921 y no fueron debidamente diligentes para entregar a los demandados la suma así convenida.—(*c*) Que los demandantes están en la obligación de satisfacer a los demandados la suma de mil doscientos dollars, por las mejoras introducidas por éstos en el edificio.—(*d*) Que los demandantes tienen derecho a una compesación de setenta y cinco dollars mensuales, por la parte del edificio que ocupaban los demandados a contar desde el día 10 de marzo de 1921.''

Registrada sentencia de conformidad con las anteriores conclusiones, ambas partes apelaron para ante este tribunal, tramitándose conjuntamente los recursos.

Los errores señalados por la parte demandante son seis: Pueden agruparse en dos, a saber: errores cometidos al apreciar la prueba concluyendo que demuestra el no cumplimiento del contrato por parte de los demandantes y error al graduar la compensación.

Hemos examinado cuidadosamente la prueba practicada y a nuestro juicio sostiene las conclusiones de la corte sentenciadora.

La finca de que se trata es un gran almacén de mampostería fabricado en un extenso solar. Estaba ocupado una parte por una fábrica de tallar diamantes y otra por una compañía tabacalera. Allá por el año de 1920 las demandantes y la demandada concertaron en principio un contrato de arrendamiento para empezar a regir el 10 de marzo de 1921, por mediación de Julio Niglagioni, quien, declarando en el juicio como testigo de las demandantes, dijo:

''Ellos lo que convinieron delante de mí fué arrendar el almacén citado por cinco años a razón de doscientos dólares mensuales y hacer un anticipo el señor Vilaró de seiscientos pesos para unas reparaciones que ellos calculaban uno en mil doscientos pesos y el otro en mil quinientos, para el señor Vilaró hacer los gastos de eso anticipando la mitad al empezar y la mitad al terminar es lo único que sé en este caso.''

Hemos dicho que la negociación quedó concertada en principio desde 1920 y como la demandada necesitara del local con urgencia, obtuvo que la compañía tabacalera que se ha mencionado le cediera la parte ocupada por ella. Acto seguido la demandada comenzó a hacer con el consentimiento de las demandantes mejoras en el edificio, invirtiendo más de mil quinientos dólares.

Llegó el 10 de marzo de 1921. Las demandantes lograron que la compañía de diamantes desalojara el local para esa fecha, pero dejándolo en tan malas condiciones que las propias demandantes no lo recibieron y se vieron obligadas a iniciar un pleito en el cual obtuvieron una sentencia a su favor.

Debido a ello es lo cierto que las demandantes no entregaron en la fecha convenida el local en la forma estipulada, sin que conste que pagaran o intentaran pagar a la demandada suma alguna por las mejoras no sólo prometidas realizar sino ya realizadas por la demandada.

La falta de cumplimiento del contrato por parte de las demandantes resulta, pues, evidente. Conviene agregar que la escritura no llegó a otorgarse porque si bien las partes estaban conformes en lo substancial, siempre surgían detalles sobre los cuales no lograron ponerse de acuerdo. Dos notarios fueron ocupados en la redacción del documento.

En cuanto a la "compensación" la parte demandante y apelante sostiene que la corte erró porque según ella se demostró que la demandada ocupaba un 94.45 por ciento del local y tratándose de un arrendamiento cuyo canon era doscientos dólares mensuales, la suma de $75 mensuales mandada pagar, no es la adecuada. La prueba fué contradictoria. La de la demandada sostuvo que ella sólo llegó a ocupar la tercera parte.

Pero no fué esa la base que, a nuestro juicio, la corte adoptó. Se admite que con anterioridad a la fecha en que el contrato debía comenzar a regir, la demandada ocupó una parte del local a virtud de convenio con la arrendataria

de la misma y con la conformidad de las demandantes, pagando setenta y cinco dólares al mes. Y la corte estimó que esa era la suma que debió continuar satisfaciendo. Esta cuestión volverá a tratarse al estudiar y resolver el recurso interpuesto por la demandada. El establecido por las demandantes, en atención a todo lo expuesto, debe ser declarado sin lugar.

En su alegato la parte demandada y apelante señala la comisión de cuatro errores que pueden agruparse en dos, a saber: primero, los tres cometidos al no eliminar, al permitir prueba y al declarar con lugar la *compensación,* y segundo, el cometido al apreciar la prueba en relación con los $5,200 reclamados por daños y perjuicios.

En cuanto a los daños y perjuicios diremos que no se necesita esfuerzo alguno para concluir que el error no existe. Alegó la demandada y pretendió probar en el juicio que por la falta de cumplimiento del contrato por parte de las demandantes se vió obligada a construir un ranchón para almacenar tabaco en Coamo que le costó la suma indicada enteramente perdida para ella porque el ranchón quedaba a beneficio del dueño de la finca en que fué edificado. Está tan desprovista de fundamento esta reclamación y es tan exagerada, que a nuestro juicio no sólo cae por su base, sino que daña la posición de la demandada en el pleito y hace surgir dudas en el ánimo del juzgador al pesar el mérito de sus otras alegaciones.

En cuanto a la "compensación," de los autos aparece que cuando la parte demandante terminó de practicar su prueba el demandado dijo:

"Pido que se elimine la contestación a la contrademanda en donde se solicita compensación, porque la parte contraria, en ningún momento durante el trámite ha notificado a esta parte con copia ni tenido esta parte noticia de que se hubiera radicado tal contestación.

"Demandante: Nosotros entendemos que no debe ser eliminada porque, dejando aparte el aspecto de la notificación o no notificación de ese *pleading,* es lo cierto que en la demanda, conocida bien

y contestada por la parte demandada en este caso, existe en la súplica una parte que es idéntica a la de compensación de que tratamos,
pidiendo a S. S. que en su oportunidad y previo el trámite legal
condene a la parte al otorgamiento de la escritura, al cumplimiento
de todas las condiciones del contrato que incluye el pago de los cánones; suponemos que no es el propósito de la parte rehusar la
compensación de la ocupación de un edificio de doscientos dólares
mensuales por algo más de un año valiéndose, como dijo mi compañero hace un momento, de un subterfugio o de una argucia.

"Juez: La corte toma en consideración lo solicitado y resolverá
en su oportunidad."

Ya hemos visto que la demandada formuló una contrademanda en este caso.  Y el artículo 115 del Código de Enjuiciamiento Civil, al final, dice: "Esta contra-demanda deberá notificarse a las partes contra quienes se establezca,
las cuales podrán interponer excepción previa a la misma, o
contestarla como la demanda primitiva."

Las demandantes hicieron uso del derecho que la ley les
concedía y archivaron en los autos su "excepción previa y
contestación a la contrademanda" que está fechada el 21
de enero de 1922.  La sección no habla de notificación, como
lo hace en cuanto a la contrademanda del demandado, y no
fué hasta julio de 1922, en el juicio, después de practicada
la prueba de la parte demandante, que la demandada levantó la cuestión.

Siendo ello así, la corte estaba en condiciones de resolver
la cuestión planteada apreciando las circunstancias concurrentes.  Analizadas éstas, creemos que de haberse cometido
algún error en atención a lo dispuesto en el artículo 135 del
Código de Enjuiciamiento Civil, no citado por la demandada
apelante en su alegato, tal error no sería perjudicial.  Tan
enterada estaba la parte demandada, que ella misma tomó
la actitud que en cierto modo fijó luego la sentencia.  Hay
en la evidencia indicaciones tendentes a probar que la demandada resolvió permanecer en la parte del almacén que ocupaba dejando de pagar los alquileres, hasta satisfacerse a sí
misma de lo que había gastado en las mejoras.

Decidida la cuestión suscitada en cuanto a la notificación, veamos si procedía la compensación.

El artículo 113 del Código de Enjuiciamiento Civil, prescribe:

"Art. 113.—Cuando hayan existido reclamaciones recíprocas entre personas, de tal suerte que, entablada la demanda por una de ellas, haya deducido la otra la reconvención, se considerarán mutuamente .compensadas las dos reclamaciones hasta donde resultaren iguales entre sí, y a ninguna de las partes podrá privársele del consiguiente beneficio por motivo de cesión o .fallecimiento de la otra."

Creemos que ese artículo es de aplicación a este caso. La demandada, en su contrademanda, reclamó el importe de las mejoras que había realizado en el inmueble arrendado y las demandantes reclamaron entonces, bajo el epígrafe de compensación, los alquileres de la parte del edificio ocupado por la demandada donde las mejoras se habían realizado, no pagados por la demandada. Quizá la forma de la alegación no sea un modelo, pero el caso en su totalidad estaba ante la corte y ésta hizo bien ·en resolverlo terminando el litigio y no eliminando algo de él que necesariamente hubiera dado lugar a otra reclamación.

·El artículo 113 citado es igual al 440 del Código de Enjuiciamiento Civil de California. Las siguientes decisiones ilustran su significado y extensión:

"Para que una reclamación pueda ser usada para compensar otra bajo este artículo debe ser tal que pudiera constituir materia de contrademanda estatutoria. Las contrademandas se diferencian del derecho de contra-reclamación en equidad que requiere alguna circunstancia basada en cuestiones de equidad tales como fraude, insolvencia, o algo semejante, para justificar la intervención de la corte. Tanto el derecho estatutorio como el de equidad, sin embargo, se fundan en la idea de que la existencia de deudas mutuas derivadas de contratos entre las partes crea la compensación o pago de ambas reclamaciones en tanto en cuanto sean iguales entre sí; pero bajo el código las dos reclamaciones deben ser mutuas y coexistir como causas de acción separadas al comienzo de la acción sobre la

reclamación principal.'' *Lyon* v. *Petty,* 65 Cal. 322, 324, 4 Pac. 103.

''Cuando se debe al demandado cierta suma por alquileres o algo parecido y al demandante se debe una suma mayor por intereses, ambas deudas pueden ser compensadas.'' *Martin* v. *Ede,* 103 Cal. 157, 162, 37 Pac. 199.

''La doctrina de la contra-reclamación se dice estar derivada de la doctrina de compensación del derecho civil, y se asemeja a ésta en muchos respectos. Para permitir las contra-reclamaciones en derecho deben existir deudas entre las partes por su propio derecho, de la misma clase o calidad, y claramente determinadas o liquidadas.'' *Naglee* v. *Palmer,* 7 Cal. 543, 546.

Examinada la ''compensación'' reclamada y acordada en este caso encontramos que reúne los requisitos que exigen los artículos 1163 y 1164 del Código Civil. *Porto Rico Fertilizer Co.* v. *Gandía,* 29 D.P.R. 386, 389.

Por virtud de lo expuesto, también debe declararse sin lugar el recurso establecido por la parte demandada, quedando así *confirmada en todas sus partes la sentencia.*