[Civ. No. 2203. Second Appellate District.—February 28, 1917.]

COMPTON LAND COMPANY (a Corporation), Respondent, v. JOHN A. VAUGHAN, Defendant; HENRY S. WOOLNER, Appellant.

VENDOR AND PURCHASER—AGREEMENT RELATING TO REAL PROPERTY—OPTION TO PURCHASE.—A written agreement relating to real property, reciting that the owner had received from the other party thereto a certain sum of money as part payment for the property, followed by a statement of the price and manner of payment, constitutes an option and not an agreement of sale, and such party is not, upon default, entitled to the return of the money paid, where it is further recited in the writing that it is distinctly understood that the instrument is an option exclusively, and that the owner in the event the first payment is made will "execute a good and sufficient agreement of sale," but if not paid, the money shall be retained as "liquidated damages."

APPEAL from a judgment of the Superior Court of Los Angeles County.    Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Albert M. Norton, and Henry S. Woolner, for Appellant.

John G. Munholland, for Respondent.

JAMES, J.—The appeal in this case is taken from a judgment entered in favor of the plaintiff. In the complaint facts were set out showing that plaintiff, on or about the 14th of December, 1911, executed in favor of defendant John A. Vaughan a certain writing which is in the complaint called "an option agreement." This agreement related to certain realty. It is alleged that defendant Vaughan failed to comply with the terms and conditions of the agreement and failed to complete the purchase of the real property which was described; it was then alleged that the defendants "claim an estate or interest in said premises adverse to plaintiff by and through said option agreement, which in truth and in fact is void and of no effect." Allegation is made that the option agreement was recorded in the office of the county recorder and remained as a cloud upon plaintiff's title. The prayer was that the option agreement be adjudged void and canceled and satisfied of record, and "that the cloud created thereby be removed," and for general relief. An answer was filed and the case proceeded to trial, with the result as stated.

There was no dispute as to the terms of the writing, which was set out in full together with certain extension indorsements, as an exhibit in the complaint. The agreement was dated December 14, 1911, and recited that the plaintiff had received from Vaughan the sum of three hundred dollars "as part payment for the following described real property." (Here follows a description of the realty affected.) The agreement then contained the following recitations: "The entire price to be paid for the above-described real property is $28,500.00 and to be paid as follows: $300.00 cash as hereinbefore mentioned. $6200.00 on or before ninety days after date. The balance of $22,000.00 to be divided in six equal payments." The time of the maturity of the notes was then set forth, and further on in the document it was recited

that: "It is distinctly understood that this instrument is an option exclusively, and that the holder of said option has no right to enter on or in any manner assume ownership or possession of any part of said above-described property until above mentioned $6200.00 is paid and said John A. Vaughan has executed above mentioned notes and the agreement for sale of real estate as herein called for is duly escrowed. A good and sufficient agreement for sale of real estate with a resolution of the Board of Directors deed to be executed and delivered by the said Compton Land Company, . . . on or before the 14th day of March, 1912, . . . If the said payment of $6200.00 is not paid or tendered on or before the said 14th day of March, 1912, then this contract to be void and of no effect and both parties released from all obligations herein, and in that event the said $300.00 paid on this date is to be retained by the Compton Land Company as liquidated damages." The alleged option agreement was duly signed by the plaintiff corporation and by John A. Vaughan, defendant. On March 11, 1912, an indorsement was made on the writing, signed by both parties, which recited that "the within option agreement is hereby amended by mutual consent of both contracting parties, as follows, viz.: First: In lieu of $6200.00 cash payment on March 13, 1912, that upon the receipt of $300.00 cash on or before March 13, 1912, $5900.00 being balance of the $6200.00 cash payment, together with the interest on said $5900.00 and on the $22,000.00 from March 13/12 at 7% per annum, to be extended to June 13, 1912, on which date $5900.00 and all accrued interest to be paid." Some additional conditions were stated affecting the notes, and the indorsement concluded with the following words: "All the items and terms mentioned and referred to in the within original option to obtain as therein written." Again, on June 13, 1912, the following indorsement was made and signed by the parties: "The foregoing amendment to option is hereby continued to December 1st, 1912, by mutual consent of both parties thereto in consideration of the receipt this day of $1000.00 by the Compton Land Company; the cash payment of December 1, 1912, to be $4900.00 and all interest accrued on the above mentioned $1000.00 and $4900.00 and on $22,000.00 from March 13, 1912; the six semi-annual notes of equal amounts aggregating $22,000.00 are to be dated December 1, 1912." A further indorsement, dated 11–25–12,

being one of assignment of the rights of the option-holder to the defendant H. S. Woolner, appeared. There was no contention, as shown by the testimony heard, that on December 1, 1912, the person in whose favor the option was issued, or his assignee, had made the payment required, and it was admitted that no money was paid, except that shown by the writing and the indorsements appearing as before mentioned. More than two months after the expiration of the last-mentioned date this action was filed. Defendant Woolner first asserted by his answer that certain encumbrances existed against the land which made it impossible for the plaintiff to comply with its agreement; and, secondly, set up a counterclaim contending that there should be returned to him all of the money paid under the agreement. It is sufficient to say that the findings of the trial court which determined that there was no encumbrance which would prevent full compliance being made by the plaintiff with its agreement, are supported by the evidence. As to whether the defendant was entitled to have returned any part of the money paid upon the written agreement, depends altogether upon the determination as to whether the contract as drawn constituted of itself or by the indorsements made thereon, an agreement of sale or a mere option to purchase. It will be noted that the proposed vendor sedulously asserted in the agreement that the instrument was an "option exclusively." It further appeared that it was contemplated that only after the six thousand two hundred dollars had been paid was the vendor to execute "a good and sufficient agreement for sale." The contract in its original form and without the indorsements, purported only to extend to Vaughan an option to have later executed in his favor an agreement of sale which would bind both parties. It is said in the agreement that in the event the payment of six thousand two hundred dollars was not made on or before the 14th of March, 1912, "then this contract to be void and of no effect and both parties released from their obligations herein." Quite plainly it appears that if Vaughan at the time the six thousand two hundred dollar payment became due had failed to pay and no extension had been granted to him, the vendor would not have had the right to sue Vaughan to recover that payment, or to compel him to purchase the property at the price and according to the terms set forth in the agreement. If the vendor had not

this right, then, as there was no mutuality of remedy, the contract is at once given the impression of being an option merely, the benefits of which Vaughan might or might not, at his election, take advantage of. The mere fact that the initial payment was to be applied upon the purchase price, does not change the condition of the contract in the respect just considered. Such was also the case in the contract before the court in *White* v. *Bank of Hanford,* 148 Cal. 552, [83 Pac. 698] ; and see, also, *Briles* v. *Paulson,* 170 Cal. 196, [149 Pac. 169]. Neither can it be gathered from the indorsements made upon the contract, whereby it was extended upon the consideration of the payment, first, of three hundred dollars and then of one thousand dollars, that there was any intent upon the part of the parties to change the character of their contract relations. It was merely provided that the dates of payment should be changed, and that portion of the contract remained in force which postponed the execution of a formal agreement of sale until the time when the six thousand two hundred dollar payment, or the reduced amount thereof, should fall due. If the money paid was, and we so hold, the consideration upon which the option to purchase only rested, then upon the lapse of the time fixed by the contract and the extension indorsements, the vendor meanwhile holding itself ready to fulfill its obligations, the option-holder would have received all the consideration bargained for. He got what he paid for and there was nothing to be returned to him. It is even held where there have been considered contracts which admittedly constitute agreements to purchase and sell realty binding upon both parties, that the vendee in default may not recover payments made by him under his contract, although in that case the remedy of the vendor, where he chooses to be the actor in the litigation, is generally that of foreclosure. (*Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].)

The foregoing propositions are the only ones which are properly presented by this appeal or which require or merit attention of the court. We think that the trial judge was correct in the findings and judgment as made.

The judgment is therefore affirmed.

Conrey, P. J., and Shaw, J., concurred.